■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CURTIS MOORE, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Mazzei, J.), rendered December 5, 1986, convicting him of assault in the second degree, reckless endangerment in the first degree (two counts), criminal possession of a weapon in the third degree (two counts), and criminal possession of a controlled substance in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress certain physical evidence.

Ordered that the judgment is modified, on the law, by reducing the defendant's convictions for criminal possession of a weapon in the third degree to criminal possession of a weapon in the fourth degree, and vacating the sentences imposed; as so modified, the judgment is affirmed.

The defendant was convicted of charges arising from an incident in which he and another man entered a Bay Shore bar and fired shots within the bar. The police later searched his house, with the consent of his girlfriend, a cohabitant, and found two pistols and 12.5 ounces of a white substance later found to be cocaine hidden in a barbeque grill in the garage.

The defendant contends that the consent to search that his girlfriend, Lucy Barker, gave to the police was not voluntary because she was told by one of the police officers that when they obtained a search warrant they were going to return and "tear my house up". However, the consent form which Ms. Barker signed, and which she admitted had been read to her, clearly stated that she had a right to refuse to agree to the search. She also admitted that neither Detective Stover nor Officer Savino threatened or coerced her into signing the form. The reason she signed the form, she said, was that she did not want to have a crowd of police officers come into the house and disturb her children. Therefore, the hearing court properly found that Ms. Barker's consent had been freely and voluntarily given and that the evidence could properly be used in the defendant's trial.

The defendant also contends that the trial court erred when it failed to declare a mistrial after the prosecutor elicited

prejudicial hearsay testimony. During Officer Savino's direct testimony, he stated that when he and Detective Stover found the bag containing the contraband, Ms. Barker said: "Oh, no, what did he do now? He just got out. This is going to put him a long". At that point the prosecutor stopped the witness, and the defense attorney moved for a mistrial. The prejudice which may have resulted from this brief reference to the defendant's prior incarceration was alleviated by the trial court's curative instruction *(see, People v Banks,* 130 AD2d 498, *lv denied* 70 NY2d 709; *see also, People v Santiago,* 52 NY2d 865, 866; *People v Onofrietti,* 109 AD2d 896, 897). In any event, the error was plainly harmless in view of the overwhelming evidence of the defendant's guilt *(see, People v Crimmins,* 36 NY2d 230, 241-242).

The prosecution concedes error in that at trial it failed to produce evidence of the defendant's prior felony convictions, as required to sustain the convictions for criminal possession of a weapon in the third degree *(see,* CPL 200.60). The prosecution requests that this court reduce those convictions to criminal possession of a weapon in the fourth degree. We agree. We need not remit this matter to the County Court, Suffolk County, for resentencing on the convictions of criminal possession of a weapon in the fourth degree since the defendant has already served the maximum permissible sentence for that crime.

We have considered the defendant's remaining contentions, including those raised in his *pro se* supplemental brief, and find them to be without merit. Thompson, J. P., Kunzeman, Eiber and Spatt, JJ., concur.