■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAPHAEL TORRES, Appellant.—Judgment, Supreme Court, New York County (Jerome Marks, J.), rendered March 18, 1988, convicting defendant, upon his plea of guilty, to criminal possession of a controlled substance in the fourth degree (Penal Law § 220.09) and sentencing him to a term of 3 to 6 years' imprisonment, unanimously affirmed.

During the early evening of April 27, 1987, the police, acting on information received from a confidential informant, arrested defendant for possessing heroin. Earlier that day, the informant had told the police that the defendant would be picking up drugs from inside a third-floor apartment at 350 East 109th Street in Manhattan between the hours of 7:00 P.M. and 7:30 P.M. that evening. The officers set up surveillance near the building and at the specified time observed defendant enter the building and exit with a yellow bag. The police followed defendant as he drove to another location. When defendant stopped his car, the police recovered the yellow bag which contained over 800 glassine envelopes of heroin and money, and arrested the defendant. The defendant moved to suppress the recovered evidence seized.

The issue presented on this appeal is whether the evidence presented by the People satisfied the two prongs of the *Aguilar-Spinelli* rules *(see, Aguilar v Texas,* 378 US 108; *Spinelli v United States,* 393 US 410). Thus, when probable cause is based on hearsay, it must appear that the informant is reliable and that the informant had some basis of knowledge for the information he transmitted to the police *(People v Landy,* 59 NY2d 369, 375; *People v Johnson,* 66 NY2d 398, 402). The police were unable to establish the informant's reliability based upon past instances of reliability because this was the first time that the informant had provided information. Nevertheless, the reliability of the informant could be established by personal observation by the police of sufficient details corroborating the informant's information to indicate that he knew whereof he spoke. The informant's reliability, therefore, "can be corroborated by details concerning dress, mannerisms, route or conveyance to be used by the subject of the information, which in themselves are wholly unsuggestive of crime" *(People v Elwell,* 50 NY2d 231, 237). In this case, numerous specific factual details supplied by the informant were corroborated through subsequent police investigation, satisfying the reliability requirement. Everything the informant told DEA Investigator Costa corresponded exactly with the information Costa obtained during the surveillance. The time of defendant's arrival, his physical description, the location where he parked his car, and the appearance of the lookout all were exactly as the informant had predicted. Thus, the reliability of the informant was established by this evidence *(see, People v Hicks,* 138 AD2d 519, 521). Moreover, the informant had a pending criminal case and was supplying information on the defendant's drug ring in order to receive leniency on that case. As the Court of Appeals stated in *People v Comforto* (62 NY2d 725, 727): "[I]t can also be inferred that an individual in the informant's position would not lightly mislead the police and thereby exacerbate his predicament (see *People v Rodriguez,* 52 NY2d 483, 490)".

As to the second prong of the *Aguilar-Spinelli* test, the informant's basis of knowledge, that was easily established in that the informant stated that he was basing his report on his own personal knowledge, gained through direct observations. The evidence presented to the hearing court thus established both that the informant was reliable and that he had a reliable basis for the information that he had related to the police, which furnished the basis for the search and defendant's arrest. Accordingly, the judgment of conviction is af-

firmed, and defendant is directed to surrender to commence serving his sentence. Concur—Murphy, P. J., Milonas, Ellerin, Wallach and Rubin, JJ.