■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAURICE PELT, Appellant.—Judgment, Supreme Court, Bronx County (Joseph Mazur, J.), rendered May 3, 1984, convicting defendant, after a jury trial, of murder in the second degree (Penal Law § 125.25 [3]) and sentencing him to an indeterminate term of from 15 years' to life imprisonment, is unanimously affirmed.

The defendant gave a written statement to the police admitting that he had shown Anthony Parker how to use a shotgun the latter brought to him, and that after Parker stated his intention to rob someone, defendant entered a livery cab with him. Defendant's statement also asserted that he had jumped out of the cab just before Parker fired the fatal shot. Andrea Boone, Parker's girlfriend, testified that Parker and the defendant had met and agreed to rob a livery cab driver, using the shotgun.

The statement given by defendant to the police was consistent with information provided by an informant, William Lane, who reported that the defendant had gotten into a cab with Parker, and that Parker had killed the driver with the shotgun.* Lane, who was seeking favorable treatment in his own, unrelated arrest, was able to give critical details regarding the crime, including that it was a shotgun murder of a cabdriver on a specific date and that a sawed-off pump shotgun wrapped in grey tape had been used and abandoned in the cab. Only one such crime had taken place on the date in question. In addition, Lane had accompanied the police into the streets, where he identified the defendant.

The informant's statement was unique and detailed, and corroborative of information independently obtained by the police at the scene of the murder. Accordingly, it had sufficient indicia of reliability to establish a basis for the defendant's arrest (see, People v Torres, 155 AD2d 231, 232) and defendant's suppression motion was, therefore, properly denied.

During cross-examination by defense counsel, one of the police witnesses indicated that the defendant was incarcerated pending trial. Such statements are improper. (People v Connor, 137 AD2d 546, 550.) However, the offending statement here was brief and inadvertent, and defendant sought no curative

---

* Anthony Parker pleaded guilty to murder in the second degree and was sentenced to 15 years to life on April 26, 1984. On June 17, 1986, this court affirmed the judgment of conviction [121 AD2d 851] and on October 21, 1986 [68 NY2d 916] leave to appeal to the Court of Appeals was denied.

instruction. For these reasons, we find that the error does not provide a basis for upsetting the conviction. *(See, People v Davis,* 61 NY2d 202, 207.)

The testimony of Parker's girlfriend, to the effect that defendant had agreed to Parker's plan to commit a robbery using a shotgun, was hearsay, but it was properly received into evidence as an admission. (Richardson, Evidence § 209, at 187 [Prince 10th ed].) Moreover, the "statement [was] made under circumstances that [made] it probable that such [an event would] occur" *(People v Malizia,* 92 AD2d 154, 160, *affd* 62 NY2d 755, *cert denied* 469 US 932) and was, therefore, highly trustworthy.

We have reviewed the balance of defendant's arguments on appeal, and find them to be without merit. Concur—Ross, J. P., Asch, Kassal, Wallach and Smith, JJ.