■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FERNANDO YEPES, Appellant.—Judgment, of the Supreme Court, Bronx County (Bertram Katz, J.), rendered on October 3, 1988, convicting defendant, after trial by jury, of criminal sale of a controlled substance in the first degree and criminal possession of a controlled substance in the first degree, and sentencing him to two concurrent terms of 25 years to life, is unanimously modified, upon the law and facts and as a matter of discretion, to reduce the sentences to 20 years to life, and otherwise affirmed.

Defendant was arrested during a buy-and-bust operation in which a codefendant arranged for the sale of 750 grams of cocaine to an undercover officer for $29,500. The defendant at one point helped carry a black bag which, evidence indicated, contained the cocaine. Defendant was not present during the exchange, which occurred in an apartment; at that time, he was on the street acting as a lookout while the sale took place.

The evidence of defendant's guilt was legally sufficient. Defendant has failed to demonstrate that no "valid line of reasoning and permissible inferences * * * could [have led] a rational person to the conclusion reached by the jury on the

basis of the evidence at trial" *(People v Bleakley,* 69 NY2d 490, 495). Viewing the evidence in a light most favorable to the People *(People v Contes,* 60 NY2d 620, 621), defendant's guilt of aiding and abetting the sale was proved beyond a reasonable doubt. "Under all of the circumstances, the trier of fact reasonably could infer defendant's knowledge of and participation in the drug transaction" *(People v Dordal,* 55 NY2d 954, 956).

Defendant failed to preserve his challenge to the court's omission of a circumstantial evidence charge by requesting such a charge or by excepting to the instructions as given (CPL 470.05 [2]; *People v Ford,* 66 NY2d 428). In any event, we note that this case contained direct evidence. As such, no circumstantial evidence charge was required.

Finally, defendant asserts that his sentences were unduly harsh because codefendants who had pleaded guilty to lesser charges received more lenient sentences. While disparity in sentencing among codefendants does not, per se, warrant a reduction in defendant's sentence *(People v Jones,* 39 NY2d 694, 698), under all the circumstances of this case, we conclude that imposition of terms of 20 years to life would have been more appropriate exercises of the court's discretion, and we modify accordingly. Concur—Sullivan, J. P., Milonas, Rosenberger, Asch and Kassal, JJ.