■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK BRADFORD, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County, (Miller, J.), rendered July 2, 1985, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Prior to trial, the hearing court granted that branch of the defendant's omnibus motion which was to suppress an inculpatory statement he made to the police on the ground that it was obtained in violation of his right to counsel. Consequently, the court ordered redaction of the defendant's name from the statement the codefendant Leonis West made to the arresting detective, which was admitted into evidence at their joint trial. On appeal, the defendant contends that the admission of West's redacted confession was a violation of his right of confrontation because when taken in conjunction with the direct testimony of the arresting detective, it unmistakably identified him as one of the accomplices implicated by West in his statement. A review of this record indicates that almost immediately after testifying that West admitted to him that his accomplices were "Shallah, blank [the redacted reference to the defendant] and Joe", the detective additionally testified that after West made this statement to him, West led him to the defendant's residence and that when the defendant appeared, the detective placed him under arrest. This testimony, which raised the inference that West, who did not testify, had identified the defendant, was impermissible hearsay (see, *People v Cummings,* 109 AD2d 748). Nevertheless, we consider this error harmless in view of the overwhelming evidence of the defendant's guilt, which, *inter alia,* consisted of a lineup and in-court identification of the defendant by an eyewitness who had seen the defendant in the neighborhood where the incident occurred on various occasions prior to the incident (see, *People v Smalls,* 55 NY2d 407). We note additionally that these identifications made the case against the defendant considerably stronger than that against the codefendant West

which was described by the Court of Appeals as "strong" *(see, People v West,* 72 NY2d 941).

While the prosecutor's summation did contain some improper and potentially prejudicial remarks, the trial court's prompt curative instructions served to correct these improprieties *(see, People v West,* 137 AD2d 855, *affd* 72 NY2d 941, *supra; People v Berg,* 59 NY2d 294).

We have considered the defendant's remaining contentions and conclude that they are without merit. Mangano, P. J., Bracken, Rubin and Rosenblatt, JJ., concur.