■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GALO MONJE, Appellant.

Defendant's conviction arose out of a sale made to an undercover police officer in which defendant acted in concert with another. The undercover officer approached defendant and asked for "two". Defendant's accomplice produced two vials of crack from his mouth as defendant simultaneously extended his hand, palm up, to receive payment from the undercover officer. After the transaction, both defendant and his accomplice were arrested and pre-recorded buy money as well as an additional vial of crack were recovered from the accomplice.

Defendant was not entitled to a circumstantial evidence charge, since the evidence against him was both direct and circumstantial. *(See, People v Yepes,* 163 AD2d 19, 20; *People v Silva,* 69 NY2d 858, 859.) Moreover, defendant failed to preserve this claim, since he never apprised the trial court of his position, now taken on appeal, that the evidence against him was wholly circumstantial. Although defendant failed to object to the prosecutor's remarks in summation that defendant was attempting to crawl out from under a rock, the court, *sua sponte,* struck this first comment. The second comment that defense counsel was attempting to confuse, we find, constitutes permissible rhetorical comment. *(People v Galloway,* 54 NY2d 396.) The objected to smokescreen characterization of the defense, by itself, is insufficient to warrant reversal.

We find no merit to defendant's unpreserved claim of error with respect to the court's charge on evaluating inconsistent testimony and reject the claim that the court's charge improperly eroded the "intent" element of possession count *(see generally, People v Ochs,* 3 NY2d 54). Concur—Sullivan, J. P., Wallach, Kupferman, Asch and Kassal, JJ.