■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENT ROBBINS, Appellant. [604 NYS2d 155] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Slavin, J.), rendered April 10, 1991, convicting him of assault in the first degree and attempted robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to the police.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. The facts have been considered and are determined to have been established.

We find no merit in the defendant's argument that the court erred by failing to suppress his oral and videotaped statements as the product of an illegal arrest. Contrary to the defendant's contention, the reliability of the witness who supplied information to the police about the defendant's involvement in the crimes, as an identified citizen, was presumed since he could be prosecuted if his report were a fabrication *(see, People v Hicks, 38 NY2d 90, 92; People v Inman, 80 AD2d 622).* Corroborative verification was not required for the witness's statement to the police because he related information about criminal activity which he had personally observed *(see, People v Hicks, supra, at 93-94).* Moreover, we find that the information offered by the witness established probable cause to believe that the defendant was involved in the commission of a crime. We decline to disturb

the court's finding that the defendant was given *Miranda* warnings in light of the uncontroverted testimony of Detective Spoto that such warnings were given *(see, People v Prochilo,* 41 NY2d 759).

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

However, in light of the court's off-the-record conference with a People's witness outside the presence of the defendant and his counsel, we reverse and order a new trial *(see, People v Turaine,* 78 NY2d 871; *Matter of Tracy C.,* 186 AD2d 250). Eiber, J. P., O'Brien, Santucci and Joy, JJ., concur.