■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SCOTT EBANKS, Appellant. [611 NYS2d 162] —Judgment, Supreme Court, New York County (Carol Berkman, J.), rendered July 24, 1991, convicting defendant, after jury trial, of murder in the second degree, and sentencing him to a term of 22 years to life, unanimously affirmed.

The People provided overwhelming evidence that defendant stabbed and killed the victim, in the presence of a number of eyewitnesses who testified and identified defendant at trial.

Defendant neither objected to the trial court's initial *Molineux/Sandoval* rulings, nor to any specific portion of the "bad acts" evidence admitted at trial, and thus failed to preserve his current claims of error (CPL 470.05; *People v Iannelli,* 69

NY2d 684, *cert denied* 482 US 914). In any event, the trial court properly admitted limited testimony on the People's direct case regarding the circumstances of defendant's dismissal from a job, as such circumstances provided necessary background for the jury to understand what precipitated the altercation that resulted in the stabbing *(see, People v Montanez,* 41 NY2d 53, 58). The prosecutor's cross-examination of defendant on that issue was proper, as was the cross-examination on other "lifestyle" issues raised by defendant's own testimony *(see, People v Schwartzman,* 24 NY2d 241, 244, *cert denied* 396 US 846). As defendant attempted to mislead the jury by testifying to only limited participation in the illegal activity that resulted in his dismissal, the prosecutor properly cross-examined defendant, with good faith basis, regarding the broader nature of defendant's willingness to place his interests above those of society *(People v Bennette,* 56 NY2d 142, 148).

To the extent that the unobjected to "bad acts" testimony may have exceeded the initially anticipated scope, any error is rendered harmless in light of the overwhelming nature of the evidence against defendant *(People v Crimmins,* 36 NY2d 230). Additionally, the trial court appropriately instructed the jury that the evidence of "bad acts" was admitted solely for the purposes of background and/or credibility determinations, but was not competent evidence that the testimony of defendant, or any other witness, was untruthful, or that defendant had a propensity to commit the crime charged. It is presumed that the jury understood and followed those unobjected to instructions *(People v Davis,* 58 NY2d 1102, 1104).

We have considered defendant's additional claims of error and find that they do not warrant any modification of the judgment appealed. Concur—Murphy, P. J., Sullivan, Carro, Wallach and Asch, JJ.