■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAMON DE LA CRUZ, Also Known as RAMON DELACRUZ, Appellant. [642 NYS2d 649] —Judgment, Supreme Court, Bronx County (Bonnie Wittner, J.), rendered June 8, 1990, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 20 years to life, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. The resolution of issues

of credibility was for the jury to determine (*People v Gaimari*, 176 NY 84, 94) and any inconsistencies in the witnesses' testimony were inconsequential and did not render their testimony incredible (*see, People v Jones*, 168 AD2d 370, *lv denied* 77 NY2d 907).

Defendant's contention that the trial court erred in refusing to provide a "wholly" circumstantial evidence charge has not been preserved for appellate review as a matter of law (CPL 470.05 [2]; *People v Monje*, 179 AD2d 437, *lv denied* 79 NY2d 951) and, in any event, is without merit given that the evidence against defendant was both direct and circumstantial (*supra*).

Although defendant maintains that he was deprived of the services of an interpreter during the testimony of two prosecution witnesses, he has failed to rebut the presumption of regularity which attaches to official court proceedings (*see, People v Glass*, 43 NY2d 283). The court clerk's records indicate that an interpreter was, in fact, present at all of the proceedings. We also note that defendant and his attorney were present during the proceedings in question but neither requested an interpreter nor objected to the trial proceeding.

Defense counsel's general objection was insufficient to preserve defendant's current contention that testimony of a prosecution witness with respect to a threat purportedly made by defendant constituted impermissible hearsay and evidence of a prior uncharged crime (CPL 470.05 [2]; *see, People v Tevaha*, 84 NY2d 879). In any event, the testimony was not hearsay since it was not offered to prove the truth of its contents (*People v Lee*, 192 AD2d 493, *lv denied* 81 NY2d 1075) and, in any event, was an admission (*People v Harris*, 148 AD2d 469). Nor was the testimony evidence of an uncharged crime; instead, it was properly admitted to establish defendant's preparation to commit the crime charged and that he had the means to shoot the victim (*see, People v Grant*, 197 AD2d 399, *lv denied* 82 NY2d 850).

Defendant's remaining claims are unpreserved and without merit. Concur—Rosenberger, J. P., Rubin, Kupferman, Nardelli and Tom, JJ.