OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 Defendant was convicted of robbery in the first degree following a jury trial. During trial, the prosecutor sought to cross-examine defendant’s alibi witness as to the fact that he knew the defendant, his nephew, had been in jail since the date of arrest, had information that would tend to exculpate the defendant, and had failed to come forward with this information earlier. The court held a conference to determine whether the prosecutor could question the alibi witness regarding his failure to come forward
 
 (see, People v Dawson,
 
 50 NY2d 311), and concluded that such questioning was proper.
 

 
 *950
 
 In response to the prosecutor’s questions, the alibi witness, with whom defendant resided, indicated that he had known defendant had been in jail since his arrest and had spoken with defendant while he was in jail. The court subsequently gave a curative instruction to the effect that there is no general duty to come forward with exculpatory evidence but that the failure to do so may bear on credibility
 
 (see, id.,
 
 at 322-323). Defendant nonetheless moved for a mistrial on the ground that the testimony regarding his incarcerated status was not relevant and was prejudicial. The court denied the mistrial motion, but instructed the prosecutor not to mention defendant’s incarceration during summation and offered an additional curative instruction, which defense counsel refused. The Appellate Division affirmed (220 AD2d 533), and a Judge of this Court granted defendant leave to appeal.
 

 The
 
 Dawson
 
 principle was applicable to this case because a close relative or friend’s knowledge that defendant is incarcerated pending trial may be reasonably found to be inconsistent with the witness’ failure to come forward with exculpatory evidence which might result in the accused’s being freed
 
 (see, People v Dawson,
 
 50 NY2d, at 318,
 
 supra),
 
 and clearly, the procedural requirements set forth in that case were met
 
 (see, id.,
 
 at 321-323).
 

 Nor can it be said on the facts of this case that the trial court abused its discretion in finding that the probative value of the evidence outweighed the potential for prejudice
 
 (see, United States v Villabona-Garnica,
 
 63 F3d 1051, 1058,
 
 cert denied sub nom. Munoz v United States,
 
 — US —, 116 S Ct 1341, 1366;
 
 People v Pelt,
 
 161 AD2d 284,
 
 appeal denied
 
 76 NY2d 862;
 
 cf., People v Moore,
 
 148 AD2d 754, 755 [any prejudice from witness’ brief reference to defendant’s prior incarceration was alleviated by the trial court’s curative instruction],
 
 appeal denied
 
 74 NY2d 667).
 

 Likewise, we find no constitutional error. Defendant, relying essentially on
 
 Estelle v Williams
 
 (425 US 501,
 
 reh denied
 
 426 US 954), and other cases in which the defendant was forced to wear prison garb throughout trial
 
 (see, e.g., People v Roman,
 
 35 NY2d 978), contends that his constitutional right to a fair trial was violated because the prosecutor’s eliciting of testimony regarding his incarcerated status impermissibly compromised the presumption of innocence. As was pointed out in
 
 Estelle v Williams (supra),
 
 however, forcing a defendant to wear prison clothing throughout trial creates a "constant reminder of the accused’s condition” which constitutes a "continuing influence
 
 *951
 
 throughout the trial”
 
 (id.,
 
 at 504, 505). Moreover, it is a practice which serves no legitimate State purpose
 
 (id.,
 
 at 505;
 
 cf., Holbrook v Flynn,
 
 475 US 560, 572 [presence of uniformed officers during trial is related to State’s legitimate interest in maintaining custody during proceedings];
 
 Illinois v Allen,
 
 397 US 337, 359 [use of shackles and gags during trial may be constitutional when necessary to control a contumacious defendant],
 
 reh denied
 
 398 US 915).
 

 Contrastingly here, cross-examination of the alibi witness regarding his knowledge of defendant’s incarcerated status pending trial served a legitimate State interest — the evidence was clearly probative on the issue of the credibility of the witness’ exculpatory in-court testimony. Additionally, the references to defendant’s incarcerated status were temporary and brief, an initial curative instruction was given, a second, more specific instruction was offered, and the prosecutor was prohibited from mentioning defendant’s incarceration during summation. These circumstances distinguish this case from
 
 Estelle v Williams
 
 and similar cases in which an unconstitutional impingement on the presumption of innocence occurred. Accordingly, there is no basis for finding a constitutional error in this case
 
 (cf., People v Vasquez,
 
 88 NY2d 561, 578 [decided today]).
 

 Nevertheless, trial courts and prosecutors should remain sensitive to the risk of impairment of the presumption of innocence and our holding should not be taken as condoning invariable resort to this form of impeachment of alibi witnesses. Thus, as a general matter, questioning regarding the defense witness’ knowledge of defendant’s incarceration should be limited to instances where, as here, the relationship between the defendant and the witness, or other circumstances, indicates that the witness would have had a strong incentive to come forward with exculpatory evidence, and no reason was revealed that would have impelled the witness not to make such disclosure.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur.
 

 Order affirmed in a memorandum.