■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CATHERINE MELENDEZ, Appellant. [855 NYS2d 146]—

Judgment, Supreme Court, Bronx County (Caesar D. Cirigliano, J.), rendered July 15, 2005, convicting defendant, after a jury trial, of assault in the first degree, and sentencing her to a term of 10 years, unanimously affirmed.

The court properly denied defendant's mistrial motion, made after the prosecutor elicited from a defense witness that she had visited defendant during defendant's pretrial incarceration. Under the circumstances of the case, the witness's knowledge that her friend was incarcerated was arguably inconsistent with her failure to come forward with exculpatory evidence (*see People v Jenkins*, 88 NY2d 948 [1996]). We note that the court offered to provide a curative instruction, but defendant declined that offer.

By failing to object, by making generalized objections, or by failing to request further relief after the court took curative actions, defendant failed to preserve her other challenges to the prosecutor's cross-examination of defense witnesses, or any of her contentions regarding evidence of her prearrest silence, the prosecutor's summation or the court's main charge and response to a jury note, and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits.

On the existing record, to the extent it permits review, we

find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). Even if trial counsel should have raised the issues suggested by defendant on appeal, we would find that his failure to do so did not deprive defendant of a fair trial or cause her any prejudice (*see People v Caban*, 5 NY3d 143, 155-156 [2005]; *People v Hobot*, 84 NY2d 1021, 1024 [1995]; *compare People v Turner*, 5 NY3d 476 [2005]). Concur—Lippman, P.J., Saxe, Gonzalez and Nardelli, JJ.