■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SULLYANN SAEZ, Appellant. [864 NYS2d 430]—

Judgment, Supreme Court, Bronx County (Caesar D. Cirigliano, J.), rendered July 15, 2005, convicting defendant, after a jury trial, of two counts of assault in the first degree, and sentencing her to concurrent terms of 18 years, unanimously affirmed. Judgment, same court (Lawrence H. Bernstein, J.), rendered July 19, 2005, convicting defendant, upon her plea of guilty, of assault in the second degree, and sentencing her to a consecutive term of four years, unanimously modified, on the law, to the extent of reducing the period of postrelease supervision from 3½ years to three years, and otherwise affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's determinations concerning credibility, including its resolution of inconsistencies in testimony and its rejection of defendant's justification defense.

Defendant's argument concerning a reference during trial to her pretrial incarceration is indistinguishable from an argument that this Court rejected on the similarly situated codefendant's appeal (People v Melendez, 50 AD3d 485 [2008], lv denied 10 NY3d 961 [2008]), and there is no reason to reach a different result here.

By failing to object, by making generalized objections, or by failing to request further relief after the court took curative actions, defendant failed to preserve her other claims of prosecutorial misconduct and we decline to review them in the interest of justice. As an alternative holding, we find that the challenged conduct did not deprive defendant of a fair trial (see People v D'Alessandro, 184 AD2d 114, 118-119 [1992], lv denied 81 NY2d 884 [1993]). To the extent that the prosecutor's summation contained improprieties, the court's curative instructions sufficed to prevent any prejudice.

We perceive no basis for reducing the sentence. However, as the People concede, the maximum period of postrelease supervision permitted for defendant's second-degree assault conviction, given the date of the crime's commission, was three years (*see* Penal Law § 70.45 [2]). Concur—Lippman, P.J., Gonzalez, Sweeny, Catterson and DeGrasse, JJ.