■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHELDON THOMAS, Appellant. [885 NYS2d 344]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Del Giudice, J.), rendered January 30, 2007, convicting him of murder in the second degree, attempted murder in the second degree (five counts), attempted assault in the first degree (five counts), assault in the second degree, and criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant alleges that there was no probable cause to arrest him, and that the resultant lineup identification evidence should have been suppressed. There was probable cause to arrest the defendant (*see Spinelli v United States,* 393 US 410 [1969]; *Aguilar v Texas,* 378 US 108 [1964]). Contrary to the defendant's contention, the People adequately demonstrated that the citizen informant was reliable and had some basis of knowledge for the information given to the police (*see People v Parris,* 83 NY2d 342, 350 [1994]; *People v Robbins,* 198 AD2d 451, 451 [1993]). The citizen informant came forward as a person who allegedly witnessed the shooting that formed the basis for the prosecution of the defendant (*id.*). Although the citizen informant identified another individual in a photo array as one of the perpetrators involved in the shooting, the person so identified had the same name as the defendant, looked like the defendant, and lived in the same general area as the defendant. The " 'arrest of a person who is mistakenly thought to be someone else is valid if the arresting officer (a) has probable cause to arrest the person sought, and (b) reasonably believed the person arrested was the person sought' " (*People v Tejada,* 270 AD2d 655, 657 [2000], quoting *United States v Glover,* 725 F2d 120, 122 [1984], *cert denied* 466 US 905 [1984]; *see Hill v California,* 401 US 797, 802 [1971]; *Berson v City of New York,* 122 AD2d 7, 8-9 [1986]; *Toenis v Hommel,* 59 AD2d 1000 [1977]). Accordingly, the Supreme Court properly denied that branch of the defendant's motion which was to suppress the lineup identification evidence.

However, the trial court improvidently exercised its discretion in admitting into evidence the defendant's Rikers Island visitors' log, which served to inform the jurors of the defendant's incarceration prior to and during the trial (*see People v Randolph,* 18 AD3d 1013, 1015 [2005]; *People v Machicote,* 251

AD2d 684 [1998]; *People v Pelt,* 161 AD2d 284 [1990]; *People v Connor,* 137 AD2d 546, 550 [1988]). To the extent that the visitors' log was relevant to a material fact in this case, whatever probative value it conferred was substantially outweighed by the danger that it would unfairly prejudice the defendant or mislead the jury (*cf. People v Jenkins,* 88 NY2d 948, 951 [1996]; *People v Vasquez,* 88 NY2d 561, 577-578 [1996]; *People v Melendez,* 50 AD3d 485, 485 [2008]; *People v Jackson,* 239 AD2d 433 [1997]).

Nevertheless, the evidence of the defendant's guilt, including the "identification of the defendant by [ ] eyewitness[es other than the citizen informant] who had seen the defendant in the neighborhood . . . on various occasions prior to the incident" (*People v Bradford,* 163 AD2d 401, 401 [1990]) was overwhelming, and there is no significant probability that the error contributed to his conviction in light of, among other things, the court's curative instructions (*see People v Brehon,* 267 AD2d 318 [1999]). Accordingly, the error was harmless (*see People v Crimmins,* 36 NY2d 230, 241-242 [1975]).

Moreover, to the extent that the defendant raises a constitutional claim with respect to the admission of the visitors' log into evidence, that claim is unpreserved for appellate review (*see People v Grant,* 7 NY3d 421, 424 [2006]; *People v Kello,* 96 NY2d 740, 743-744 [2001]; *People v Diaz,* 50 AD3d 919 [2008]). Skelos, J.P., Santucci, Balkin and Leventhal, JJ., concur.