### Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  January 29, 2015                    106751
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

        v                                    MEMORANDUM AND ORDER

DEAUNTTA MALLOY,
                    Appellant.
_____

Calendar Date:  November 14, 2014

Before:  Lahtinen, J.P., McCarthy, Egan Jr. and Devine, JJ.

_____

    Kindlon, Shanks & Associates, Albany (Terence L. Kindlon of counsel), for appellant.

    P. David Soares, District Attorney, Albany (Steven M. Sharp of counsel), for respondent.

_____

Devine, J.

    Appeal from a judgment of the County Court of Albany County (Herrick, J.), rendered August 1, 2013, upon a verdict convicting defendant of the crime of criminal possession of a controlled substance in the fourth degree.

    Shortly after a detective observed defendant approach a vehicle and engage in a hand-to-hand transaction with an individual seated inside — which the detective believed was a drug sale — and then enter a nearby residence, several police officers executed a search warrant and entered the house.  At that point, defendant exited the rear of the house, threw a plastic bag containing crack cocaine onto the ground and jumped over a fence into a nearby vacant lot.  Shortly thereafter,

defendant emerged from a brushy area of the vacant lot and was subsequently apprehended by a police detective who was involved in the police operation.

Defendant was charged by indictment with criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree. Following a trial, the jury found defendant guilty of criminal possession of a controlled substance in the fourth degree and sentenced him, as a second felony offender, to five years in prison followed by three years of postrelease supervision. Defendant now appeals.

Defendant asserts that County Court committed reversible error by admitting redacted recordings of two phone calls that indicate that defendant had been incarcerated pending trial.[1] The People argued that the phone calls – in which defendant states, among other things, that he was "at the wrong place at the wrong time" when he was arrested – served to place defendant at the house where the alleged crime occurred. County Court provided the jury with a curative limiting instruction, but the prejudicial effect of the evidence revealing defendant's incarceration outweighed its limited probative value (compare People v Jenkins, 88 NY2d 948, 950-951 [1996]). Nonetheless, we conclude that County Court's improper admission of the phone call evidence does not warrant a reversal in light of the overwhelming evidence of defendant's guilt (see People v Guy, 93 AD3d 877, 880-881 [2012], lv denied 19 NY3d 961 [2012]; People v Moore, 148 AD2d 754, 755 [1989], lv denied 74 NY2d 667 [1989]). In particular, trial evidence revealed that two detectives were standing behind the house when they observed defendant run out of a back door of the house toward a fence located at the rear of the property. The officers testified that they were approximately 20 to 30 feet from defendant at the time he

---

[1] While defendant also challenges the admission of the audio recordings on the ground that they were inaudible, as such challenge was not raised before County Court, it has not been preserved for appellate review (see People v Forward, 46 AD3d 1222, 1223 [2007], lv denied 10 NY3d 811 [2008]).

discarded the drugs.  After one of the officers pursued defendant on foot and called for assistance, a detective responded to the call and saw defendant emerge from "the brush from the back of [a] vacant lot . . . slowing down from a jog into a walk."  After defendant was apprehended, his identity was confirmed by the officers that had observed him throwing the drugs to the ground.  Considering this evidence, we find that any error in admitting the jailhouse phone calls was harmless.

Moreover, we are not persuaded by defendant's argument that County Court improperly permitted the People to introduce testimony regarding an uncharged drug transaction in which defendant was involved prior to his arrest.  The detective's testimony that he observed defendant approach a vehicle on the street, lean into the vehicle and make "an exchange inside the vehicle" mere minutes before he was arrested was "inextricably interwoven with the charged crimes, relevant to defendant's state of mind, and occurred so closely in time after the conduct for which defendant was being tried that its probative value outweighs any potential prejudice" (People v Din, 110 AD3d 1246, 1248 [2013], lv denied 22 NY3d 1137 [2014]; see People v Buchanan, 95 AD3d 1433, 1436 [2012], lv denied 22 NY3d 1039 [2013]; People v Hernandez, 27 AD3d 229, 229 [2006], lv denied 7 NY3d 790 [2006]).

Finally, we do not agree with defendant's claim that various occurrences of prosecutorial misconduct deprived him of a fair trial.  Inasmuch as the severity and frequency of the statements or other actions that defendant considered inappropriate were limited in scope and largely addressed and remedied by County Court, it cannot be said that defendant sustained substantial prejudice that would require a new trial (see People v Wright, 88 AD3d 1154, 1158 [2011], lv denied 18 NY3d 863 [2011]; People v Kirker, 21 AD3d 588, 589 [2005], lv denied 5 NY3d 853 [2005]; People v McCombs, 18 AD3d 888, 890 [2005]).

Lahtinen, J.P., McCarthy and Egan Jr., JJ., concur.

ORDERED that the judgment is affirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court