■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHELDON THOMAS, Appellant. [15 NYS3d 805]—

Appeal by the defendant, by permission, from an order of the Supreme Court, Kings County (Del Giudice, J.), dated June 5, 2012, which, without a hearing, denied his motion pursuant to CPL 440.10 to vacate a judgment of the same court rendered January 30, 2007, convicting him of murder in the second degree, attempted murder in the second degree (five counts), attempted assault in the first degree (five counts), assault in the second degree, and criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the order is affirmed.

The Supreme Court properly denied the defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction. The court correctly concluded that the defendant's challenge to the eyewitness evidence presented at trial was procedurally barred because that ground for relief had already been determined on the merits on the defendant's direct appeal to this Court (*see People v Thomas*, 65 AD3d 1170, 1171 [2009]) and that, to the extent that it was not, the record was adequate to permit review of that ground (*see* CPL 440.10 [2] [a], [c]; *People v Cooks*, 67 NY2d 100, 104 [1986]; *People v Hamilton*, 115 AD3d 12, 20 [2014]; *People v Williams*, 5 AD3d 407 [2004]; *People v Hernandez*, 191 AD2d 511, 512 [1993]). Notwithstanding the defendant's attempt to characterize the alleged errors

as "fundamental," and as a violation of his due process rights under both the federal and New York constitutions, both the Supreme Court and this Court are bound by the limitations embodied in CPL 440.10 (2) (*People v Cuadrado*, 9 NY3d 362, 365 [2007]) and "cannot broaden the scope of the remedy afforded by CPL 440.10 beyond what the Legislature unambiguously specified" (*People v Machado*, 90 NY2d 187, 192 [1997]).

Similarly, the Supreme Court correctly determined that the new evidence proffered by the defendant in support of his motion, which included several studies suggesting that blind identification procedures are more reliable than non-blind procedures, does not qualify as "newly discovered" within the meaning of CPL 440.10 (1) (g) (*People v Hamilton*, 115 AD3d at 20; *see People v Salemi*, 309 NY 208, 216 [1955]; *People v Tankleff*, 49 AD3d 160, 180 [2007]).

Further, the defendant's contention that he was deprived of the effective assistance of counsel is without merit, as he failed to demonstrate the absence of strategic or other legitimate explanations for counsel's allegedly deficient conduct (*see People v Caban*, 5 NY3d 143, 152 [2005]; *People v Taylor*, 1 NY3d 174, 177 [2003]; *People v Rivera*, 71 NY2d 705, 709 [1988]). Contrary to the defendant's contention, counsel was not ineffective for failing to argue that the investigating officers' use of a non-blind lineup procedure constituted reversible error, since that argument lacked merit (*see generally People v Brown*, 13 NY3d 332, 341 [2009]). The Court of Appeals has not mandated the use of any specific lineup procedure, so any procedure may be used as long as it is not "unduly suggestive" (*People v Chipp*, 75 NY2d 327, 335 [1990]; *see People v Johnson*, 10 NY3d 875, 878 [2008]; *see also People v Washington*, 40 AD3d 1136 [2007]; *People v Torres*, 12 AD3d 539 [2004]; *People v McLaughlin*, 8 AD3d 146, 147 [2004]; *People v Robinson*, 8 AD3d 95, 96 [2004]; *Matter of Thomas*, 189 Misc 2d 487, 491 [Sup Ct, Kings County 2001]). In addition, the Legislature has not established guidelines for identification procedures. In sum, the evidence, the law, and the circumstances of the case, viewed in totality as of the time of the representation, reveal that trial counsel provided meaningful representation (*see People v Caban*, 5 NY3d at 152; *People v Berroa*, 99 NY2d 134, 138-139 [2002]; *People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Baldi*, 54 NY2d 137, 147 [1981]; *People v McDonald*, 79 AD3d 771, 772 [2010]). Mastro, J.P., Rivera, Dickerson and Maltese, JJ., concur.