■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BARRY W. INMAN, Appellant. [58 NYS3d 611]—

Devine, J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered September 26, 2014, upon a verdict convicting defendant of the crime of burglary in the second degree.

In the early morning hours of April 10, 2013, the elderly victim was awoken by noise and saw light emanating from the living room in her apartment. She got up to investigate, turned the lights on and saw defendant, her upstairs neighbor, holding a flashlight and rifling through her purse. Defendant left after being confronted by the victim, who quickly contacted the police and discovered that money was missing from her purse. Defendant was found at his apartment and placed under arrest. He was thereafter charged in an indictment with burglary in the second degree.

Defendant was in jail from April 10, 2013 onward. Several months later, the victim was helping to clean out defendant's apartment and found a hooded sweatshirt and flashlight associated with the burglary itself, as well as possessions that had gone missing from her apartment prior to the burglary, such as the keys to her apartment. The People learned of these facts in the days before trial and made a successful *Molineux* application to present evidence of the victim's discovery of items purloined before the burglary. In order to demonstrate that the items found by the victim had not been disturbed in the months since the burglary, the People further presented

proof of defendant's pretrial confinement. Defendant was found guilty as charged by a jury and was sentenced, as a second violent felony offender, to a prison term of 10 years to be followed by postrelease supervision of five years. Defendant now appeals.

We affirm. Turning first to the proof of items stolen from the victim's apartment before the charged burglary that she found in his apartment, "[e]vidence of prior criminal conduct or bad acts is inadmissible to establish a defendant's criminal propensity or bad character, but may be admitted when it is relevant to some material issue pertaining to the charged crime and its probative value outweighs its potential for unfair prejudice" (*People v McCommons*, 143 AD3d 1150, 1153 [2016], *lv denied* 29 NY3d 999 [2017]; *see People v Leonard*, 29 NY3d 1, 3-4 [2017]). Defendant did not object to the *Molineux* ruling rendered by County Court, which excluded some proof that the People sought to include in their direct case, and it is doubtful that his present claims of error are preserved for our review (*see* CPL 470.05 [2]; *People v Ebanks*, 203 AD2d 199, 199 [1994], *lv denied* 83 NY2d 966 [1994]).

Assuming without deciding that they are, defendant somehow entered the victim's apartment on the night of the burglary without using force, and his possession of items previously taken from her apartment demonstrated that he knew how to exploit one or more of the options for doing so. County Court accordingly determined that defendant's possession of the previously stolen items was relevant to establishing that he had the opportunity and means to commit the charged crime (*see People v Jackson*, 100 AD3d 1258, 1261 [2012], *lv denied* 21 NY3d 1005 [2013]; *People v De La Cruz*, 227 AD2d 241, 242 [1996], *lv denied* 88 NY2d 983 [1996]). County Court viewed this evidence to be "highly probative" on the issue of opportunity and, "[w]hile the court's ruling could have been more explicit," the record nevertheless reflects that "it engaged in the requisite 'case-specific discretionary balancing of probity versus prejudice' " (*People v Tyrell*, 82 AD3d 1352, 1355 [2011], *lv denied* 17 NY3d 810 [2011], quoting *People v Westerling*, 48 AD3d 965, 966 [2008]; *cf. People v Elmy*, 117 AD3d 1183, 1187 [2014]).* Accordingly, County Court's *Molineux* ruling was not an abuse of discretion.

County Court did err in allowing overly detailed proof as to defendant's absence from his apartment after the burglary occurred. There is no doubt that some such proof was needed to

---

* Defendant declined the offer of County Court to give a limiting instruction to the jury as to the use of this evidence.

give import to what the victim found in defendant's apartment several months after the burglary, and defendant stated his willingness to stipulate to being absent. The People refused and insisted on presenting, over objection, testimony establishing not only that defendant was absent, but that he was incarcerated. County Court abused its discretion in allowing the testimony under these circumstances, as "whatever probative value it conferred was substantially outweighed by the danger that it would unfairly prejudice the defendant or mislead the jury" (*People v Thomas*, 65 AD3d 1170, 1172 [2009], *lv denied* 13 NY3d 942 [2010]; *see People v Malloy*, 124 AD3d 1150, 1151 [2015], *lv denied* 26 NY3d 969 [2015]; *People v Randolph*, 18 AD3d 1013, 1015 [2005]). County Court minimized the error by giving a limiting instruction to the jury and, in light of overwhelming proof of guilt that included the victim's testimony and the items in defendant's apartment used during the charged burglary, we find it to be harmless (*see People v Malloy*, 124 AD3d at 1152; *cf. People v Mitchell*, 57 AD3d 1308, 1311 [2008]).

McCarthy, J.P., Rose, Clark and Mulvey, JJ., concur. Ordered that the judgment is affirmed.