People v Robinson (2019 NY Slip Op 01799)





People v Robinson


2019 NY Slip Op 01799


Decided on March 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY, JJ.


2017-01854
 (Ind. No. 2352/14)

[*1]The People of the State of New York, respondent,
v
Matthew Robinson, appellant.


Paul Skip Laisure, New York, NY (Sean H. Murray of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Nancy Fitzpatrick Talcott, and Mariana Zelig of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Barry A. Schwartz, J.), rendered February 16, 2017, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is reversed, on the law, and a new trial is ordered.
The defendant was convicted of criminal possession of a weapon in the second degree, related to an incident that occurred on September 20, 2014. At trial, two police officers testified that they saw the defendant walking down the street with a group of people. The officers observed a bulge in the defendant's waistband, and one of the officers testified that he thereafter saw the defendant toss a gun to the ground. Over the defendant's objections, the trial court also permitted the People to introduce, as admissions of the defendant, recordings of telephone calls made by the defendant in May and June 2015, while he was detained at Rikers Island Correctional Facility following a subsequent arrest on May 20, 2015, for an unrelated gun possession charge. The defendant contends that the subject recordings should have been excluded from evidence because their probative value with respect to the instant offense was substantially outweighed by the risks of unduly prejudicing him and misleading the jury. We agree.
Generally, "all relevant evidence is admissible unless its admission violates some exclusionary rule" (People v Scarola, 71 NY2d 769, 777). However, relevant evidence may still be excluded by the trial court in the exercise of its discretion if its probative value is substantially outweighed by the risk of unduly prejudicing the defendant, confusing the issues, or misleading the jury (see People v Frumusa, 29 NY3d 364, 372; People v Harris, 26 NY3d 1, 5; People v Primo, 96 NY2d 351, 355).
While admissions by a defendant of any fact material to the issues are competent evidence against him (see People v Chico, 90 NY2d 585, 589), here, the timing and content of the telephone calls made it highly unlikely that the defendant was referencing his September 2014 arrest for the instant offense, rather than his subsequent arrest on the unrelated gun possession charge. Moreover, in addition to the lack of relevance of this evidence to the charges in this case, the jury [*2]was unaware of the defendant's subsequent May 2015 arrest, and therefore was unable to properly evaluate the weight to be accorded to the recordings as evidence of the defendant's guilt of the instant offense. Thus, there was a substantial risk that the jury would be misled into believing that the defendant's admissions in the telephone recordings referred to the instant offense. The admission of the recordings into evidence placed the defendant in the untenable position of deciding whether to accept this misleading narrative that the telephone recordings referred to the instant offense or disclose his later arrest on a similar gun possession charge, which disclosure itself would have caused him undue prejudice (see generally People v Agina, 18 NY3d 600, 603). Accordingly, under these unique circumstances, we agree with the defendant that the Supreme Court improvidently exercised its discretion in admitting into evidence the recorded telephone calls (see People v Inman, 151 AD3d 1283, 1284-1285; People v Thomas, 65 AD3d 1170, 1171-1172).
Furthermore, it cannot be said on this record that the error was harmless (see People v Crimmins, 36 NY2d 230, 241-242), since the proof of the defendant's guilt, without reference to the error, was not overwhelming. Additionally, the prosecutor's focus during summation on the telephone calls exacerbated the prejudice to the defendant resulting from their admission (see People v Johnson, 80 NY2d 798, 799; People v Vargas, 154 AD3d 971, 974), and the jury apparently attached substantial weight to the recorded telephone calls, as it asked to hear them again during deliberations (see People v Rivera, 25 NY3d 256, 265; People v Vargas, 154 AD3d at 974). Accordingly, we conclude that a new trial, at which evidence of the defendant's recorded telephone calls should be excluded, is warranted.
In view of the foregoing, we do not reach the defendant's remaining contention.
MASTRO, J.P., BALKIN, LASALLE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court