People v Thomas (2019 NY Slip Op 06542)





People v Thomas


2019 NY Slip Op 06542


Decided on September 12, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 12, 2019

109028

[*1]The People of the State of New York, Respondent,
v
Sheldon Thomas, Appellant.

Calendar Date: August 21, 2019

Before: Garry, P.J., Egan Jr., Clark, Mulvey and Pritzker, JJ.


Aaron A. Louridas, Delmar, for appellant.
Weeden A. Wetmore, District Attorney, Elmira (Eliese R. Herzl-Betz of counsel), for respondent.



Garry, P.J.
Appeal from a judgment of the County Court of Chemung County (Rich Jr., J.), rendered October 28, 2016, convicting defendant upon his plea of guilty of the crime of attempted assault in the second degree.
Defendant was charged by indictment with assault in the second degree and promoting prison contraband in the first degree after he assaulted another inmate with a sharpened metal rod and caused injuries to a correction officer who intervened. Defendant thereafter pleaded guilty to the reduced charge of attempted assault in the second degree in satisfaction of the indictment. As agreed, County Court sentenced defendant to a prison term of 1½ to 3 years, as a second felony offender, to be served consecutively to the prison term he was then serving on unrelated convictions. Defendant appeals.
Defendant argues that his guilty plea was not knowing, voluntary and intelligent on the premise that there was confusion during the plea allocution. However, County Court promptly corrected any misstatements regarding the terms of the plea agreement, and defendant did not preserve this claim by moving to withdraw his guilty plea on this ground prior to sentencing, despite ample opportunity to do so (see CPL 220.60 [3]; People v Williams, 27 NY3d 212, 214, 219-223 [2016]; People v Duggins, 161 AD3d 1445, 1446 [2018], lv denied 32 NY3d 937 [2018]; compare People v Conceicao, 26 NY3d 375, 382 [2016]). Moreover, the record does not reflect any material deficiency in the plea allocution, and defendant did not make any statements that negated his guilt or called into question the voluntariness of his plea so as to trigger the court's duty of further inquiry (see People v Pastor, 28 NY3d 1089, 1091 [2016]; People v Williams, 27 NY3d at 219-220). In any event, the record reveals that defendant indicated that he had adequate time to discuss the plea agreement with counsel and, "thereafter, freely elected to forgo the rights to which he was entitled and made 'a knowing, voluntary and intelligent choice to plead guilty among alternative courses of action'" (People v Miller, 162 AD3d 1231, 1233 [2018] [brackets omitted], lv denied 32 NY3d 939 [2018], quoting People v Conceicao, 26 NY3d at 382).
Contrary to defendant's claim regarding predicate sentencing, County Court made clear that the plea agreement required that he be sentenced as a second felony offender, and defendant agreed to that condition. Although defendant initially asserted that his predicate convictions were wrongful, he conceded that he had exhausted all legal avenues to challenge those convictions other than a habeas corpus petition.[FN1] The court made clear that defendant could seek habeas corpus relief related to his predicate convictions in the proper forum, that the court had no authority over the predicate convictions and that, should those convictions be overturned, he could apply for resentencing on this conviction as a first felony offender. After being informed of the right to a hearing to challenge the predicate convictions (see CPL 400.21) — which the court advised would be limited to his sentencing status here and would not affect the validity of his prior convictions — defendant accepted the terms of the plea agreement, pleaded guilty and admitted the noticed predicate conviction. The court "was not obligated to expressly advise defendant of his right to contest the constitutionality of the prior conviction[s]" (People v Melton, 136 AD3d 1069, 1070 [2016] [internal quotation marks and citations omitted], lv denied 27 NY3d 1002 [2016]). As defendant did not thereafter request a hearing or object to being sentenced as a second felony offender, the court properly sentenced him as a second felony offender without a hearing (see People v Henry, 166 AD3d 1213, 1215 [2018], lv denied 33 NY3d 949 [2019]; People v Quinones, 162 AD3d 1402, 1403 [2018]; People v Rice, 162 AD3d 1244, 1247 [2018], lv denied 32 NY3d 940 [2018]). Given that the record as a whole affirmatively establishes that defendant understood and accepted the terms of the plea agreement, including predicate sentencing, his guilty plea will not be disturbed (see People v Conceicao, 26 NY3d at 383).
Egan Jr., Clark, Mulvey and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: Defendant's predicate convictions for murder in the second degree and other crimes were affirmed on direct appeal (People v Thomas, 65 AD3d 1170 [2009], lv denied 13 NY3d 942 [2010]), and his application for writ of error coram nobis (People v Thomas, 79 AD3d 1153 [2010], lv denied 17 NY3d 802 [2011]) and motion to vacate the judgment (People v Thomas, 131 AD3d 551 [2015], lv denied 26 NY3d 1112 [2016]) were denied. Subsequent to sentencing here, defendant's application for a writ of habeas corpus in connection with his predicate convictions was denied (Thomas v State of N.Y. Dept. of Corrections, 2017 WL 5891778, 2017 US Dist LEXIS 199481 [US Dist Ct, ED NY, 11-Civ-01119, Donnelly, J., Nov. 28, 2017], appeal dismissed 2018 WL 3031136 [2nd Cir, May 1, 2018, No. 17-4056]).