People v Rosario (2019 NY Slip Op 06873)





People v Rosario


2019 NY Slip Op 06873


Decided on September 26, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 26, 2019

Friedman, J.P., Renwick, Tom, Gesmer, Oing, JJ.


9933 536/12

[*1]The People of the State of New York, Respondent,
v
Alberto Rosario, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Brittany N. Francis of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Katherine Kulkarni of counsel), for respondent.



Judgment, Supreme Court, New York County (Bruce Allen, J.), rendered May 1, 2015, convicting defendant, after a jury trial, of criminal possession of a weapon in the second and third degrees, and sentencing him, as a second felony offender, to an aggregate term of six years, unanimously affirmed.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. The evidence supports the conclusion that defendant simultaneously possessed a pistol and a magazine loaded with ammunition, thereby possessing a "loaded firearm" (Penal Law § 265.00[15]).
The court properly denied defendant's application pursuant to Batson v Kentucky (476 US 79 [1986]). We find that the record supports the court's finding that the nondiscriminatory reasons provided by the prosecutor for the challenges in question were not pretextual. "Step three of the Batson inquiry involves an evaluation of the prosecutor's credibility" (Snyder v Louisiana, 552 US 472, 477), and the court's finding in this regard is entitled to great deference (see People v Hernandez, 75 NY2d 350 [1990], affd 500 US 352 [1991]).
The court providently exercised its discretion in denying defendant's mistrial motion, made when the court, in apologizing to the jury for a delay, made a brief reference to defendant's incarceration. Although the court should have explained the delay without mentioning defendant's jail status, this did not warrant a mistrial, because the court provided suitable curative instructions (see People v Jenkins, 88 NY2d 948, 950-951 [1996), and because the jury was already aware, by way of evidence, that defendant had been incarcerated for at least part of the pendency of the case.
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: SEPTEMBER 26, 2019
CLERK