■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY FROMEN, Appellant.—Judgment reversed, on the law, motion to suppress granted, and matter remitted to Supreme Court, Erie County, for further proceedings on the indictment. Memorandum: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized" (US Const 4th Amend; NY Const, art I, § 12). The sole issue presented is whether the search warrants authorizing a search of a package addressed to defendant and of defendant's apartment were issued upon probable cause supported by oath or sufficient affirmation.

The only sworn affidavit in support of the warrants was made by Bruce Johnson, a special agent of the Drug Enforcement Administration (DEA). Johnson alleged that a confidential informant had purchased cocaine from defendant "on several occasions in the past"; that an unidentified "associate" of the defendant told the informant that defendant had received packages of cocaine through the mail at an address near defendant's residence; that a small package had been

mailed from Boston, Massachusetts, to that address and that a police dog, allegedly reliable on two prior occasions, had reacted positively for the presence of drugs in that package.

CPL 690.35 (2) (c) requires that an application for a search warrant may be based "upon personal knowledge of the applicant or upon information and belief, *provided that in the latter event the sources of such information and the grounds of such belief are stated"* (emphasis added). The crucial flaw in Johnson's affidavit is that although it appeared to the Magistrate that Johnson had personally perceived the factual events he alleged, Johnson did not have firsthand knowledge of any of these events at the time the warrant application was submitted. Indeed, at the suppression hearing, Johnson conceded that the application was misleading. Special Agent Johnson, by signing the affidavit listing the acts of criminal conduct, misled the Magistrate to believe that he personally had observed certain conduct and communicated with certain individuals when, in fact, he had done neither. Thus, " '[t]he magistrate * * * could not "judge for himself the persuasiveness of the facts relied on * * * to show probable cause" ' " *(People v Hendricks,* 25 NY2d 129, 135, quoting *Aguilar v Texas,* 378 US 108, 113-114; *see also, Giordenello v United States,* 357 US 480, 486).

Although Johnson had received his information from Richard Flis, a New York State Police Investigator, no supporting affidavit from Flis was presented to the Magistrate. Johnson readily admitted that Flis asked him to prepare the warrant application although there was no reason why Flis could not have done so himself, or why Flis could not personally appear before the Magistrate. Most alarming is Flis' admission that on as many as 20 prior occasions he had submitted warrant applications without alerting the issuing Magistrate to the hearsay nature of the allegations contained therein.

Moreover, although Flis testified at the hearing that he was "familiar" with the confidential informant, neither he nor his partner stated that either officer had any personal contact with the informant. Also, Johnson received information from Flis regarding a postman's recollection of prior packages having been delivered to an address near defendant's residence, but Flis never stated he personally spoke to the mailman.

The Court of Appeals has recognized that "there is need for disclosure to the issuing magistrate of sufficient factual data to enable him to determine whether he may properly rely on

the hearsay source of the officer's information as well as whether he may credit the information itself" *(People v Bartolomeo,* 53 NY2d 225, 234).

Although a reviewing court should give deference to a judicial determination of probable cause, the court must still insist that the Magistrate perform his neutral and detached function and not serve merely as a rubber stamp for the police *(People v Hanlon,* 36 NY2d 549, 559). As the Court of Appeals recently reaffirmed in *People v P. J. Video* (68 NY2d 296, 307), the *Hanlon* decision "imposed a specific, nondelegable burden on the magistrate which required that he, not the police, determine probable cause, and it required that his determination be objectively verifiable [citations omitted]. This is the standard that should be applied to protect the rights of New York citizens." Accordingly, the judgment must be reserved and defendant's motion to suppress granted.

All concur, except Boomer and Balio, JJ., who dissent and vote to affirm in the following memorandum.

Boomer and Balio, JJ. (dissenting). We vote to affirm for the reasons stated in the memorandum decision of Erie County Court (Wolfgang, J.). Contrary to the assertion in the memorandum for the majority, Special Agent Johnson did not mislead the Magistrate. We have no reason to disturb the findings of the suppression court that the application submitted to the Magistrate "included language indicating that the information contained therein was the result of an investigation conducted by the affiant and other officers of the New York State Police. The Magistrate was thus informed that the statements which followed were based upon observations of either the affiant or fellow law enforcement officers engaged in the investigation. (See *U.S.* vs. *Ventresca,* 380 U.S. 102 * * * *People* vs. *Cuyler,* 44 AD2d 881). There was no attempt on the part of the affiant to mislead the Magistrate into believing that the information contained in either warrant application was strictly based upon his personal knowledge." The decisive facts establishing probable cause for the issuance of the warrants were that the postal authorities had in their possession a package addressed to defendant and that a New York State Police dog, trained to seek out drugs, had signaled the presence of drugs by biting into the package. At the suppression hearing, defense counsel stipulated that the dog was capable of detecting narcotics. The affidavit of Special Agent Johnson clearly indicated that this decisive information was within the knowledge of police officers engaged in the investigation. These observations by fellow police officers "engaged in a

common investigation are plainly a reliable basis for a warrant applied for by one of their number." *(United States v Ventresca,* 380 US 102, 111, *supra.)* We are reminded by the Court of Appeals that "in the real world, we are confronted with search warrant applications which are generally not composed by lawyers in the quiet of a law library but rather by law enforcement officers who are acting under stress and often within the context of a volatile situation. Consequently, such search warrant applications should not be read in a hypertechnical manner as if they were entries in an essay contest. On the contrary, they must be considered in the clear light of everyday experience and accorded all reasonable inferences." *(People v Hanlon,* 36 NY2d 549, 559.)

The case of *People v P. J. Video* (68 NY2d 296), cited by the majority, has no application to the facts of this case. *P. J. Video (supra)* concerned the 1st Amendment guarantee of freedom of speech and the court held that the Magistrate could not base his finding of probable cause on the police officer's description of the alleged pornographic material but had to view the material himself. Here, the Magistrate acted on detailed facts reported to him; there was no documentary material for him to review. (Appeal from judgment of Supreme Court, Erie County, Kubiniec, J., at trial; Wolfgang, J., on suppression hearing—criminal possession of controlled substance, third degree.) Present—Callahan, J. P., Boomer, Green, Balio and Lawton, JJ.