■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES JACKSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Beldock, J.), rendered September 25, 1990, convicting him of criminal possession of a controlled substance in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Juviler, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

On October 14, 1989 at approximately 2:30 A.M., James Green was killed during a robbery on the 10th floor of an apartment building in Brooklyn. Later that day, Detective Stanley Frank, the investigating detective, received a phone call from a known person, who stated that she had information regarding Green's murder. The person, who lived on the ninth floor of that building, told Frank and another detective, to whom she had previously provided information in another case leading to the arrest of three perpetrators for robbery in the third degree, that at approximately 2:30 A.M. she had heard three gunshots. She further stated that she then saw the defendant, whom she had known for 12 years, emerge from the stairwell from the tenth floor to the ninth floor, while wrapping a long-sleeved, light-colored shirt around a .25 caliber silver handgun. She stated that she then saw the defendant enter an apartment, also on the ninth floor. Based on this information, the police, referring to the caller as an unidentified informant, obtained a warrant to search the defendant's apartment. The search produced 322 vials of crack cocaine and a black leather bag containing a chunk of crack cocaine. The combined weight of the crack cocaine from these sources was over two ounces.

The hearing court properly denied that branch of the defendant's omnibus motion which was to suppress physical evidence. It is well settled that when an application for a search warrant relies on information provided by an undisclosed informant, it must meet the *Aguilar-Spinelli* two-prong test *(see, Aguilar v Texas,* 378 US 108; *Spinelli v United States,*

393 US 410) by demonstrating that the informant was reliable and had a basis of knowledge *(People v Griminger,* 71 NY2d 635, 639). In this case, the basis of the informant's knowledge is explicit and first hand. The "reliability" prong, however, is challenged on this appeal. Here, the informant identified the victim, the murder location, the number of shots fired, and even the caliber of weapon used. That information either matched or had been independently confirmed by information the police already had, through their own investigation. We conclude that her reliability was sufficiently established to satisfy the *Aguilar-Spinelli* test *(see, People v Elwell,* 50 NY2d 231, 237; *People v McGriff,* 130 AD2d 141). ·

The defendant's remaining contentions are not preserved for appellate review and we decline to reach them in the exercise of our interest of justice jurisdiction (CPL 470.05 [2]; *People v Bynum,* 70 NY2d 858). Thompson, J. P., Rosenblatt, Lawrence and Ritter, JJ., concur.