■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMEL STALWORTH, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Browne, J.), rendered January 7, 1991, convicting him of criminal possession of a controlled substance in the fifth degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Under the *Aguilar-Spinelli* rule *(Aguilar v Texas,* 378 US 108; *Spinelli v United States,* 393 US 410), it is well settled that where probable cause is predicated in whole or part upon the hearsay statement of an informant, it must be demonstrated that (1) the information is reliable, and (2) the informant had a sufficient basis for his or her knowledge *(see, People v Bigelow,* 66 NY2d 417; *People v Johnson,* 66 NY2d 398; *People v Elwell,* 50 NY2d 231; *see also, People v Griminger,* 71 NY2d 635). The Court of Appeals has observed that the "basis of knowledge" prong of the test may be satisfied, *inter alia,* upon a showing that the information furnished is so detailed as to make it clear that it must have been based upon personal knowledge *(People v Bigelow, supra,* at 424).

On appeal, the defendant contends that the People failed to establish that the informant possessed a sufficient basis for his knowledge. We disagree. The evidence adduced at the suppression hearing reveals the requisite degree of specificity and

detail so as to justify the inference that the informant's tip was premised on personal knowledge. The informant accurately provided the defendant's name, as well as the make, license plate number, and color of his automobile. The informant also indicated that the defendant could be found at a specific time and location, and even correctly specified that he would be carrying cocaine in a brown paper bag. Since the informant's statements were fully corroborated by the subsequent police investigation, which developed information "consistent with detailed predictions by the informant", the "basis of knowledge" requirement was satisfied *(People v Bigelow,* 66 NY2d 417, 423-424, *supra; People v Rodriguez,* 52 NY2d 483, 491-492).

We have examined the defendant's remaining contentions and find them to be either unpreserved for appellate review or lacking in merit *(see, People v Hicks,* 68 NY2d 234; *People v Lypka,* 36 NY2d 210, 213, n 2; *People v Havelka,* 45 NY2d 636, 641; *cf., People v Petralia,* 62 NY2d 47, 51, *cert denied* 469 US 852). Thompson, J. P., Rosenblatt, Miller and Ritter, JJ., concur.