■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANTE ISAAC, Appellant. [616 NYS2d 46] —Appeal by the defendant from a judgment of the County Court, Nassau County (Harrington, J.), rendered December 14, 1990, convicting him of criminal possession of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is reversed, on the law and the facts, the plea is vacated, that branch of the motion which was to suppress physical evidence is granted, the indictment is dismissed, and the matter is remitted to the County Court, Nassau County, for the entry of an order in its discretion pursuant to CPL 160.50.

On January 31, 1990, at approximately 10:45 P.M., a confidential informant telephoned Detective Frank Whitson of the Hempstead Police Department. The informant, who had previously worked with Whitson for one month, advised the detective that the defendant Dante Isaac, Kenneth Dewberry, and his girlfriend were leaving Hempstead in an old, dirty, white Buick, going "uptown" to "pick up", and intended thereafter to return to Terrace Avenue in Hempstead or the Capri Motor Inn in West Hempstead. No mention of drugs was made during the conversation between the confidential informant and Whitson, nor was there any indication of precisely what drug or controlled substance, if any, the group was going to buy. Significantly, the informant did not indicate how she obtained the information she related to the detective.

Whitson then went to the Capri Motor Inn. At about 3:00 A.M. the next morning, he observed an automobile that fit the general description given by the informant pull into the parking lot, and he called for assistance. Dewberry emerged from the Buick, leaving the driver's door open, and walked to the inn's office. When Dewberry emerged from the office, Whitson asked him for his license and registration. Dewberry returned to the Buick and searched his glove compartment for the documents. Detective Frank Puma and other police officers arrived at the scene. The police officers removed the occupants, including the defendant and his accomplice, Albert

Walker, from the vehicle, and placed them in police department vehicles.

As the occupants were being removed from the Buick, Detective Puma observed a brown paper bag on the front seat of the car, by the "hump" on the floor separating the driver's seat from the passenger seat. Puma removed the bag, opened it, and observed plastic bags containing a white rock-like substance that appeared to him to be cocaine.

At a pretrial hearing, Whitson and Puma testified regarding their actions, and the confidential informant testified in camera, stating for the first time that the basis of knowledge for the information she related to Whitson was premised on her actual presence while the matter was being discussed among the defendant and his accomplices on Terrace Avenue.

Under the *Aguilar-Spinelli* rule *(see, Spinelli v United States,* 393 US 410; *Aguilar v Texas,* 378 US 410)*, it is well settled that where probable cause is predicated in whole or in part upon the hearsay statement of an informant, it must be demonstrated that (1) the informant is reliable, and (2) the informant disclosed a sufficient basis for his or her knowledge *(see, People v Parris,* 83 NY2d 342)*. In the absence of a statement by the informant to the police that the tip is based on personal observation, the "basis of knowledge" test may be satisfied by a showing that the information furnished was sufficiently detailed and was corroborated by police observation of conduct which suggests or directly involves criminal activity *(see, People v Parris, supra; People v DiFalco,* 80 NY2d 693; *People v Bigelow,* 66 NY2d 417; *People v Elwell,* 50 NY2d 231).

Contrary to the People's contention, the basis-of-knowledge prong of the *Aguilar-Spinelli* test was not met herein. The informant never advised Whitson that the information she was supplying was based on her personal knowledge or observation. Moreover, the information was not so highly detailed, and the police observations of innocuous conduct by the defendant and his companions were not sufficiently corroborative of criminal behavior, to support a reasonable belief that the informant's tip must have been based on firsthand observation or intimate knowledge of the criminal enterprise *(see, e.g., People v Bigelow, supra).* Thus, we are compelled to grant that branch of the defendant's motion which was to suppress the physical evidence, and to reverse the judgment of the County Court.

Based on the foregoing, we need not consider the defen-

dant's remaining contentions. Sullivan, J. P., Balletta, Joy and Friedmann, JJ., concur.