■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAWN POWELL, Appellant. [651 NYS2d 102] —Appeal by the de-

fendant from a judgment of the County Court, Nassau County (Belfi, J.), rendered July 27, 1993, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statement to the police.

Ordered that the judgment is affirmed.

The People established that the police had probable cause to arrest the defendant without a warrant. Where probable cause is based on hearsay information from an informant, it must be demonstrated that the informant is reliable, and had a sufficient basis for his or her knowledge (see, People v Johnson, 66 NY2d 398, 402). Where, as here, the hearsay information is obtained from an identified citizen, the reliability or veracity of the informant is assumed in view of the possible criminal sanctions for falsely reporting such information (see, People v Chipp, 75 NY2d 327, 339-340; People v Hicks, 38 NY2d 90, 94; People v Bilski, 170 AD2d 517, 518). The "basis of knowledge" prong of the test may be satisfied upon a showing that the information furnished is so detailed as to make it clear that it must have been based upon personal knowledge (see, People v Bigelow, 66 NY2d 417, 424; People v Isaac, 206 AD2d 545; see also, People v Stalworth, 190 AD2d 762). Here, the evidence at the pretrial hearing established that the investigating detective was able to confirm sufficient details directly related to the shooting of the victim to make it reasonable to conclude that the informant had not simply passed along a rumor, nor was part of any effort to frame the defendant (see, People v Elwell, 50 NY2d 231, 234-235). Based on the evidence before the hearing court, the People established the informant's veracity and basis of knowledge.

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Miller, J. P., Ritter, Pizzuto and Santucci, JJ., concur.