■ The People of the State of New York, Respondent, v Brett A. Laughing, Appellant. (Appeal No. 1.) [732 NYS2d 768] —Judgment unanimously affirmed. Memorandum: County Court properly denied the motion of defendants Brett A. Laugh-

ing and William T. Laughing seeking suppression of evidence seized from a duffel bag in their motel room. The room was searched pursuant to a search warrant and defendants were arrested after they met with a drug dealer for the purpose of purchasing 40 pounds of marihuana. The warrant was issued based on hearsay information supplied by a confidential informant concerning the meeting. Contrary to defendants' contention, the warrant application satisfies the *Aguilar-Spinelli* test (*Aguilar v Texas*, 378 US 108; *Spinelli v United States*, 393 US 410). The reliability of the informant was established "by the personal observation by the police of sufficient details corroborative of the informant's data to indicate that he knew whereof he spoke" (*People v Elwell*, 50 NY2d 231, 237; *see, People v Jackson*, 187 AD2d 531, 531-532, *lv denied* 81 NY2d 841; *People v Torres*, 155 AD2d 231, 232). Those details included the time and location of the meeting, the type of motor vehicle the dealer would be operating, with whom he would be traveling, and with whom he would be meeting. Indeed, the informant said that the dealer would meet with two men for the purpose of selling marihuana, and the police smelled the "strong odor" of marihuana coming from the dealer's motel room. A court may also consider the detailed nature of an informant's statement on the issue of the informant's basis of knowledge, and here "the exactness of the language of the [informant's] tip" negated any inference that the informant was relying upon mere rumor or conjecture (*People v Rodriguez*, 52 NY2d 483, 493). "Since the informant's statements were fully corroborated by the subsequent police investigation, which developed information 'consistent with detailed predictions by the informant,' the 'basis of knowledge' requirement was satisfied" (*People v Stalworth*, 190 AD2d 762, 763, *lv denied* 81 NY2d 977, 1020, quoting *People v Bigelow*, 66 NY2d 417, 423-424).

The court also properly denied defendants' motion for a *Franks* hearing (*Franks v Delaware*, 438 US 154). The conclusory affidavit of defendants' attorney without personal knowledge of the facts was insufficient to trigger the need for a hearing (*see, Franks v Delaware, supra,* at 171; *People v Gaviria*, 183 AD2d 913, 914, *lv denied* 81 NY2d 839, 1014). Defendants' further contention that the warrant application contains undisclosed hearsay of surveillance officers is not preserved for our review (*see,* CPL 470.05 [2]; *People v Cusumano*, 108 AD2d 752, 752-753). In any event, "[i]t is settled that 'a search warrant may be validly based upon hearsay information found to be reliable * * * [and that] [i]n this regard, an affidavit by a police officer which is based upon the observations made by a

fellow police officer when the two are engaged in a common investigation furnishes a reliable basis for the warrant' " (*People v Telesco*, 207 AD2d 920, quoting *People v Londono*, 148 AD2d 753; *cf., People v Fromen*, 125 AD2d 987, *lv denied* 69 NY2d 880).

The court also properly refused to suppress the evidence seized from the duffel bag as the fruit of an illegal initial entry into the motel room. The police initially entered the motel room to secure it pending the application for the search warrant, and the duffel bag was discovered during that initial entry. "[I]f we ignore everything that occurred after the police entered the [motel] room, the other information submitted in support of the warrant application" is sufficient to establish probable cause for issuance of the warrant (*People v Plevy*, 52 NY2d 58, 66-67; *see, People v Pizzichillo*, 144 AD2d 589, 590-591, *lv denied* 73 NY2d 981).

Finally, the court properly refused to suppress defendant Brett Laughing's statements to the police. Contrary to defendants' contention, probable cause for Brett Laughing's arrest was supplied by the informant's tip, as corroborated by the police observations. Furthermore, the record supports the court's determination that Brett Laughing's statements were voluntary (*see, People v Flanders*, 192 AD2d 1072, *lv denied* 81 NY2d 1073). (Appeal from Judgment of Ontario County Court, Harvey, J.—Criminal Possession Marihuana, 1st Degree.) Present—Pigott, Jr., P. J., Wisner, Hurlbutt, Gorski and Lawton, JJ.