■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GILBERTO NABARRETE, Appellant. [794 NYS2d 917]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Barbaro, J.), rendered October 26, 2001, convicting him of assault in the first degree and criminal possession of a weapon in the second degree, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is affirmed.

The prosecution satisfied its burden of establishing that the

police had probable cause to arrest the defendant because the informant had a sufficient basis for his statements to the police, and was reliable (*see Spinelli v United States*, 393 US 410 [1969]; *Aguilar v Texas*, 378 US 108 [1964]; *People v Powell*, 234 AD2d 397, 398 [1996]; *cf. People v Diaz*, 274 AD2d 589 [2000]). Accordingly, the hearing court properly denied that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

The defendant's contention that he could have been convicted only of intentional assault (*see* Penal Law § 120.10 [1]) and that the evidence was legally insufficient to support a finding of depraved indifference assault (*see* Penal Law § 120.10 [3]; *People v Payne*, 3 NY3d 266 [2004]) is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10, 19 [1995]), and we decline to reach the issue in the exercise of our interest of justice jurisdiction (*see* CPL 470.15 [3] [c]; [6] [a]). H. Miller, J.P., Krausman, Crane and Fisher, JJ., concur.