■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL MALDONADO, Appellant. [865 NYS2d 316]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Del Giudice, J.), rendered March 9, 2006,

convicting him of robbery in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress identification testimony and his statement to law enforcement personnel.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the court properly denied those branches of his omnibus motion which were to suppress identification testimony and his postarrest statement to law enforcement personnel, since the evidence presented by the People demonstrated that the police had probable cause to arrest him (*see* CPL 140.10 [1] [b]; *People v Bigelow,* 66 NY2d 417, 423 [1985]). Pursuant to the *Aguilar/Spinelli* test (*see Aguilar v Texas,* 378 US 108 [1964]; *Spinelli v United States,* 393 US 410 [1969]), where probable cause is predicated in whole or in part upon the hearsay statement of an informant, it must be demonstrated that the informant is reliable and that the informant had a sufficient basis for his or her knowledge (*see People v Parris,* 83 NY2d 342, 349 [1994]; *People v DiFalco,* 80 NY2d 693, 696 [1993]; *People v Bigelow,* 66 NY2d at 423). The basis of knowledge and veracity requirements of the *Aguilar/ Spinelli* test are analytically independent and each must be satisfied (*see People v DiFalco,* 80 NY2d at 697).

The veracity requirement of the *Aguilar/Spinelli* test was satisfied here, since "[a]n identified citizen informant is presumed to be personally reliable" (*People v Parris,* 83 NY2d at 350; *see People v Reid,* 184 AD2d 668, 669 [1992]). In addition, the basis of knowledge requirement of the *Aguilar/Spinelli* test was satisfied here by the People's showing that the information furnished by the informant was sufficiently detailed and that it was corroborated by police observation of conduct that suggested or directly involved criminal activity (*see generally People v Bigelow,* 66 NY2d at 423-424; *People v Elwell,* 50 NY2d 231, 237 [1980]; *People v Isaac,* 206 AD2d 545, 546 [1994]; *see People v Powell,* 234 AD2d 397, 398 [1996]; *People v Dollison,* 221 AD2d 654, 655 [1995]).

The defendant's contention that he was denied a fair trial by certain remarks made by the prosecutor during his summation is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Romero,* 7 NY3d 911, 912 [2006]; *People v Muniz,* 44 AD3d 1074, 1075 [2007]; *People v Bermudez,* 36 AD3d 928, 929 [2007]; *People v Rodari,* 2 AD3d 756-757; *People v McHarris,* 297 AD2d 824, 825 [2002]; *People v Morris,* 148 AD2d 552, 553 [1989]). In any event, the challenged remarks did not deprive the defendant of his right to a fair trial, as "the . . . remarks were fair comment

on the evidence, permissible rhetorical comment, or responsive to the defense counsel's summation" (*People v Gillespie,* 36 AD3d 626, 627 [2007]; *see People v Dorgan,* 42 AD3d 505 [2007]; *People v McHarris,* 297 AD2d at 825; *People v Evans,* 291 AD2d 569 [2002]; *People v Brown,* 272 AD2d 338, 339 [2000]; *People v Clark,* 222 AD2d 446, 447 [1995]; *People v Vaughn,* 209 AD2d 459, 460 [1994]). Mastro, J.P., Lifson, Carni and Eng, JJ., concur.