■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN THORNE, Appellant. [878 NYS2d 742]—Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Kase, J.), rendered November 15, 2006, convicting him of criminal possession of stolen property in the fourth degree (seven counts), criminal possession of stolen property in the fifth degree, and possession of burglar's tools, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Donnino, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The hearing court properly determined, inter alia, that there was probable cause to arrest the defendant and search a vehicle the defendant was near (*see People v Galak,* 81 NY2d 463, 466-467 [1993]; *People v Blasich,* 73 NY2d 673, 677-678 [1989]; *People v Belton,* 55 NY2d 49, 54-55 [1982]). Accordingly, the hearing court properly denied that branch of the defendant's omnibus motion which was to suppress the physical evidence recovered from the vehicle.

The trial court properly denied the defendant's request to charge criminal possession of stolen property in the fifth degree as a lesser-included offense of criminal possession of stolen property in the fourth degree. Contrary to the defendant's contention, viewing the evidence in the light most favorable to him (*see People v Martin,* 59 NY2d 704, 705 [1983]), no reasonable view of the evidence supported a finding that he committed the lesser offense but not the greater (*see* CPL 300.50 [1]; *cf.* Penal Law § 165.45 [2]; *People v Powers,* 262 AD2d 713, 717

[1999]; *People v Peterson,* 216 AD2d 10 [1995]; *People v Johnson,* 214 AD2d 478 [1995]).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson,* 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo,* 2 NY3d 383 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley,* 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]).

The defendant's remaining contentions are unpreserved for appellate review (*see* CPL 470.05 [2]) and, in any event, are without merit. Spolzino, J.P., Florio, Covello and Eng, JJ., concur.