■ The People of the State of New York, Respondent, v Aries Palmer, Appellant. [923 NYS2d 907]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Braun, J.), rendered November 25, 2008, convicting him of robbery in the second degree and endangering the welfare of a child, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Demakos, J.), of those branches of the defendant's omnibus motion which were to suppress identification testimony and statements made by him to law enforcement officials.

Ordered that the judgment is affirmed.

Seconds before receiving a radio broadcast of a robbery in progress, a police officer saw the defendant and his accomplice sprinting down the sidewalk away from the site of the robbery, which was approximately two blocks away. After receiving a radio broadcast description of the alleged assailants, the police detained the defendant, who matched the description, and the victim identified him as one of the assailants. The time from when the arresting officer first saw the defendant until the officer detained him about four or five blocks away was approximately five minutes.

As an initial matter, the defendant's contention that the police lacked reasonable suspicion to detain him is preserved for appellant review because the Supreme Court "expressly decided" that issue (see CPL 470.05 [2]; People v Edwards, 95 NY2d 486, 491 n 2 [2000]).

The police had reasonable suspicion to pursue, stop, and detain the defendant based upon "the contents of a police dispatcher's radio broadcast providing a general description of the perpetrator which matched the [defendant's appearance], the close proximity of the defendant to the site of the crime, and the short passage of time between the commission of the crime and the observation of the defendant" (People v Holland, 4 AD3d 375, 376 [2004]; see People v Hicks, 78 AD3d 1075, 1075-1076 [2010]; People v Mais, 71 AD3d 1163, 1164 [2010]; People v Hines, 46 AD3d 912, 913 [2007]; People v Green, 10 AD3d 664 [2004]). Accordingly, the Supreme Court properly denied those branches of the defendant's omnibus motion which were to suppress identification testimony and statements made by him to law enforcement officials.

The defendant's remaining contentions, including those raised in his pro se supplemental brief, are without merit. Dillon, J.P., Belen, Sgroi and Miller, JJ., concur.