██ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ADDULLAH RAHMAN, Appellant. [925 NYS2d 852]—

Appeal by the defendant from a judgment of the County Court, Rockland County (Alfieri, J.), rendered August 30, 2007, convicting him of possession of a forged instrument in the first degree (272 counts), criminal possession of a forged instrument in the second degree, and criminal possession of a forgery device, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing (Bartlett, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the People satisfied their burden of establishing that the police had probable cause to arrest him because the informant had a sufficient basis for his statements to the police, and was reliable (*see Spinelli v United States*, 393 US 410 [1969]; *Aguilar v Texas*, 378 US 108 [1964]; *People v DiFalco*, 80 NY2d 693, 697 [1993]; *People v Bigelow*, 66 NY2d 417, 424-426 [1985]; *People v Whittle*, 48 AD3d 714, 714 [2008]; *People v Nabarrete*, 18 AD3d 782, 782-783 [2005]; *People v Rios*, 11 AD3d 641, 642 [2004]). Upon arresting the defendant and the passenger of the vehicle he was driving, the police had probable cause to believe that the vehicle contained evidence or contraband related to the crime for which the arrest was being made and, therefore, the warrantless search of the vehicle was proper (*see People v Galak*, 81 NY2d 463, 466-467 [1993]; *People v Belton*, 55 NY2d 49, 54-55 [1982]; *People v Thorne*, 61 AD3d 708, 708 [2009]; *People v Whittle*, 48 AD3d at 714-715). Accordingly, that branch of the defendant's omnibus motion which was to suppress physical evidence was properly denied.

The County Court did not err in allowing the defendant to represent himself during the trial. The record, as a whole, demonstrates that the defendant made a knowing, voluntary, and intelligent decision to waive his right to counsel and to proceed pro se (*see People v Providence*, 2 NY3d 579, 580 [2004];

*People v Arroyo*, 98 NY2d 101, 103-104 [2002]; *People v Allison*, 69 AD3d 740, 741 [2010]). The County Court undertook a sufficiently searching inquiry of the defendant to be reasonably certain that the dangers and disadvantages of giving up the fundamental right to counsel were impressed upon him (*see People v Providence*, 2 NY3d at 580; *People v Allison*, 69 AD3d at 741).

The defendant's contention that the evidence was legally insufficient to support the convictions of possession of a forged instrument in the first degree is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 491-492 [2008]; *People v Carranza*, 306 AD2d 351, 352 [2003], *affd* 3 NY3d 729 [2004]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see People v Rodriguez*, 71 AD3d 450, 452-453 [2010], *lv granted* 15 NY3d 777 [2010]; *People v Dallas*, 46 AD3d 489, 491 [2007]; *cf. People v Bailey*, 13 NY3d 67, 71-72 [2009]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the fact-finder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt as to his convictions of possession of a forged instrument in the first degree was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]; *People v Hill*, 41 AD3d 733, 734 [2007]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Rivera, J.P., Eng, Roman and Miller, JJ., concur.