■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TITO WARREN, Appellant. [998 NYS2d 455]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Modica, J.), rendered September 25, 2013, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress his statements to law enforcement officials and physical evidence.

Ordered that the judgment is affirmed.

On June 6, 2011, an anonymous 911 caller reported that he was looking out his window and could see a black man wearing a red shirt in possession of a gun sitting in the driver's seat of a black car that was parked in front of his address. The caller described two other people who were also in the parked car. When the police arrived, they observed the defendant, a male wearing a red shirt, walk away from a black car parked in front of the address provided and observed two passengers in the car. One of the passengers informed the police that his brother, who had been driving the car, just went around the corner. The defendant, who was stopped approximately two blocks from the car, admitted that he was the driver and accompanied police officers back to where the car was parked. A search of the car revealed a gun in the trunk.

The defendant correctly contends that the Supreme Court erred in concluding that he lacked standing to contest the search of the car. However, the court correctly concluded that the People satisfied their burden of establishing that the police had probable cause to search the vehicle in order to locate the gun (see People v Tieman, 112 AD3d 975, 976 [2013]), because the 911 caller was reliable and had a sufficient basis of knowledge for the information provided to the police (see Spinelli v United States, 393 US 410 [1969]; Aguilar v Texas, 378 US 108 [1964]; People v DiFalco, 80 NY2d 693 [1993]; People v Rahman, 85 AD3d 1062 [2011]; People v Whittle, 48 AD3d 714 [2008]; see also Navarette v California, 572 US —, —, 134 S Ct 1683, 1688-1689 [2014]). Moreover, after detaining the defendant, the police had probable cause to believe that the gun he reportedly possessed was located inside the car he had been driving and, thus, the warrantless search of the vehicle was proper (see

*People v Belton,* 55 NY2d 49 [1982]; *People v Rahman,* 85 AD3d 1062 [2011]; *People v Whittle,* 48 AD3d at 714-715; *cf. People v Scott,* 18 AD3d 285 [2005]). Accordingly, the court properly denied that branch of the defendant's motion which was to suppress physical evidence.

The Supreme Court also properly denied that branch of the defendant's motion which was to suppress the statement he made to the police admitting that he was the driver of the car. The police had reasonable suspicion to stop the defendant based upon the description provided by the 911 caller and their observations upon arriving at the scene (*see People v De Bour,* 40 NY2d 210 [1976]; *People v Palmer,* 84 AD3d 1414 [2011]; *People v Holland,* 4 AD3d 375 [2004]; *People v Sharpe,* 259 AD2d 639, 639 [1999]). Moreover, the court properly determined that the defendant's statement was not the product of custodial interrogation and, thus, the statement was admissible despite the lack of prior *Miranda* warnings (*see Miranda v Arizona,* 384 US 436 [1966]; *People v Cruz,* 90 NY2d 961 [1997]; *People v Morales,* 65 NY2d 997 [1985]; *People v Yukl,* 25 NY2d 585, 588-592 [1969]; *People v Andrango,* 106 AD3d 461 [2013]).

Contrary to the defendant's contention, the admission at trial of the 911 caller's statements did not violate his right to confrontation, as the primary purpose of the statements was to obtain an emergency response to an individual with a firearm; thus, they were not testimonial in nature (*see Davis v Washington,* 547 US 813, 826-832 [2006]; *People v Dockery,* 107 AD3d 913, 913-914 [2013]; *People v Legere,* 81 AD3d 746, 749-750 [2011]). Moreover, the People established a foundation for the admission of the 911 call by establishing a complete chain of custody and demonstrating that the condition of the recording was unchanged (*see People v Ely,* 68 NY2d 520 [1986]; *People v Collins,* 90 AD3d 1069, 1069 [2011]).

The defendant was not deprived of the effective assistance of counsel. The defendant has failed to demonstrate the absence of strategic or other legitimate explanations for counsel's alleged failure in declining the court's proposed charge regarding the voluntariness of his statement (*see People v Barboni,* 21 NY3d 393 [2013]; *People v Benevento,* 91 NY2d 708 [1998]). Moreover, a review of the record establishes that counsel provided the defendant with meaningful representation (*see People v Benevento,* 91 NY2d 708 [1998]; *People v Baldi,* 54 NY2d 137, 147 [1981]).

The defendant's contention that the Supreme Court erred in charging the automobile presumption is unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, the court properly instructed the jury on the automobile presumption, as there

was evidence that the defendant was in the car shortly before the gun was discovered under circumstances which made it unlikely that the weapon was placed in the car after he exited (*see People v Maye*, 64 AD3d 795, 795-796 [2009]; *People v Heizman*, 127 AD2d 609 [1987]).

The defendant's contention that he was deprived of a fair trial based upon a comment made by the Supreme Court regarding redacted portions of the 911 call is unpreserved for appellate review (*see* CPL 470.05 [2]) and, in any event, without merit.

Contrary to the defendant's contention, the testimony of the police officers provided sufficient corroboration for admission of the 911 caller's statements regarding the defendant's actual possession of the gun, and the Supreme Court did not err in charging the jury on the theory of actual possession (*see People v Vasquez*, 88 NY2d 561 [1996]; *People v Brown*, 80 NY2d 729 [1993]; *see also People v Ross*, 112 AD3d 972 [2013]; *People v Neloms*, 8 AD3d 136 [2004]). Dillon, J.P., Hinds-Radix, Maltese and Barros, JJ., concur.