■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MANUEL D. CRUZ-CHECO, Appellant. [24 NYS3d 526]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kohm, J.), rendered February 24, 2014, convicting him of criminal possession of a controlled substance in the third degree (three counts) and criminal possession of a controlled substance in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that his convictions were not supported by legally sufficient evidence is unpreserved for ap-

pellate review (*see People v Gray*, 86 NY2d 10 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant contends that the evidence of his guilt was wholly circumstantial and that the Supreme Court erred in failing to give a circumstantial evidence charge. This contention is unpreserved for appellate review, since the defendant did not request a circumstantial evidence charge or object to the charge as given (*see* CPL 470.05 [2]; *People v Smith*, 127 AD3d 790 [2015]; *People v Joseph*, 114 AD3d 878, 879 [2014]; *People v Wall*, 92 AD3d 812, 813 [2012]; *People v Reyes*, 45 AD3d 785, 786 [2007]; *People v Hall*, 181 AD2d 791 [1992]). In any event, this contention is without merit, as the evidence was not wholly circumstantial.

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contention is unpreserved because it was not advanced as a ground for suppression at the trial level and is not properly before the Court on this appeal (*see People v Graham*, 25 NY3d 994, 996-997 [2015]; *People v Turriago*, 90 NY2d 77, 83-84 [1997]; *People v Badia*, 130 AD3d 744, 745 [2015]; *People v Jones*, 81 AD2d 22, 39-40 [1981]). Mastro, J.P., Cohen, Maltese and Barros, JJ., concur.