THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MALLAH DIVINE, Appellant. [47 NYS3d 453]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Sullivan, J.), rendered January 22, 2016, convicting him of criminal possession of weapon in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and his statements to law enforcement officials.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the record supports the hearing court's determination that the police had probable cause to arrest him. Pursuant to the *Aguilar/Spinelli* test (*see Aguilar v Texas*, 378 US 108 [1964]; *Spinelli v United States*, 393 US 410 [1969]), where probable cause is predicated in whole or in part upon the hearsay statement of an informant, it must be demonstrated that the informant is reliable and that the informant had a sufficient basis for his or her knowledge (*see People v Parris*, 83 NY2d 342, 346 [1994]; *People v DiFalco*, 80 NY2d 693, 695-699 [1993]; *Combs v City of New York*, 130 AD3d 862, 863-864 [2015]).

The first prong of the *Aguilar/Spinelli* test was satisfied because the hearing evidence demonstrated that the hearsay information was provided to the police by an identified individual who called the 911 emergency number, and "[a]n identified citizen informant is presumed to be personally reliable" (*People v Parris*, 83 NY2d at 350; *see People v Warren*, 124 AD3d 699, 700 [2015]). In addition, the basis of knowledge requirement of the *Aguilar/Spinelli* test was satisfied here by the People's showing that the information furnished by the informant was sufficiently detailed and that it was corroborated by police observation of conduct that suggested or directly involved criminal activity (*see People v Maldonado*, 55 AD3d 626, 627 [2008]; *People v Tocci*, 52 AD3d 541, 541-542 [2008]; *see generally People v DiFalco*, 80 NY2d at 697; *People v Bigelow*, 66 NY2d 417, 423 [1985]; *People v Elwell*, 50 NY2d 231, 241 [1980]).

Accordingly, the hearing court properly denied those branches of the defendant's omnibus motion which were to suppress physical evidence and his statements to law enforcement

personnel. Rivera, J.P., Sgroi, Duffy and Brathwaite Nelson, JJ., concur.