People v Ealey (2019 NY Slip Op 07088)





People v Ealey


2019 NY Slip Op 07088


Decided on October 2, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 2, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2018-10766
 (Ind. No. 1200/16)

[*1]The People of the State of New York, respondent,
v
Thravis Ealey, appellant.


Victor Knapp, Kew Gardens, NY (Randall D. Unger of counsel), for appellant.
John M. Ryan, Acting District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Joseph N. Ferdenzi, and Tina Grillo of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kenneth C. Holder, J.), dated August 6, 2018, convicting him of criminal possession of a weapon in the second degree, criminal possession of marijuana in the fifth degree, and unlawful possession of marijuana, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that his conviction of criminal possession of a weapon in the second degree pursuant to Penal Law § 265.03(3) was not supported by legally sufficient evidence is unpreserved for appellate review (see People v Hawkins, 11 NY3d 484, 492; People v Gray, 86 NY2d 10, 19). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish that the defendant knowingly possessed a loaded firearm in violation of Penal Law § 265.03(3). Moreover, upon our independent review pursuant to CPL 470.15(5), we are satisfied that the verdict of guilt as to that crime was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention that the Supreme Court erred in charging the jury with respect to the automobile presumption set forth in Penal Law § 265.15(3) is unpreserved for appellate review (see CPL 470.05[2]; People v Warren, 124 AD3d 699, 701; People v Rodriguez, 187 AD2d 465, 466). In any event, the charge was properly given inasmuch as there was evidence indicating that, between the time the defendant was observed in the car and the time when the gun was discovered, the circumstances were such that it was unlikely that the weapon was placed inside the car after the defendant exited it (see People v Warren, 124 AD3d at 701-702; People v Braham, 97 AD3d 689; People v Maye, 64 AD3d 795, 796; People v Thomas, 162 AD2d 822, 824; People v Dowdell, 136 AD2d 757, 760; cf. People v Astor, 98 Misc 2d 1084, 1089 [Sup Ct, Bronx County]; People v Crenshaw, 202 Misc 179 [Bronx County Ct]).
The defendant's contention that a circumstantial evidence charge should have been given is unpreserved for appellate review (see CPL 470.05[2]; People v Gardner, 164 AD3d 602; People v Drayton-Archer, 159 AD3d 919, 921; People v Cruz-Checo, 136 AD3d 840, 841). In any [*2]event, the defendant's contention is without merit, as the People's case consisted of both direct and circumstantial evidence (see People v Hardy, 26 NY3d 245, 249; People v Drayton-Archer, 159 AD3d at 921; People v Cruz-Checo, 136 AD3d at 841).
The defendant's contention that he was deprived of a fair trial by certain of the prosecutor's remarks in summation is unpreserved for appellate review, as he failed to request further relief when the Supreme Court gave curative instructions with regard to the challenged remarks (see CPL 470.05[2]; People v Bass, 164 AD3d 1463, 1464; People v Bragg, 161 AD3d 998). In any event, to the extent that the challenged remarks were improper, any prejudice from them was alleviated by the court's prompt curative instructions (see People v Baker, 14 NY3d 266, 274; People v Gunn, 144 AD3d 1193, 1195-1196; People v Badalamenti, 124 AD3d 672, 674, affd 27 NY3d 423; People v Fuhrtz, 123 AD3d 735, 736).
MASTRO, J.P., RIVERA, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court