| |
|---|
| **People v Torres** |
| 2021 NY Slip Op 34284(U) |
| May 27, 2021 |
| County Court, Westchester County |
| Docket Number: Index No. 70006/2021 |
| Judge: Helen M. Blackwood |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

COUNTY COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-------------------------------------------------------------X
THE PEOPLE OF THE STATE OF NEW YORK

                         DECISION and ORDER

-against-

                         Indictment No.: 70006/2?

MATHEW TORRES,

              Defendant
--------------------------------------------------------X

FILED
MAY 28 2021
TIMOTHY C. IDONI
COUNTY CLERK
COUNTY OF WESTCHESTER

MATHEW TORRES ("defendant") has been indicted for the crimes of manslaughter in the first degree pursuant to section 125.20(1) of the Penal Law ("PL") and assault in the first degree pursuant to PL §120.10(1). The defendant has filed a notice of motion and supporting affirmation seeking omnibus relief. The People have responded by filing a cross-motion seeking to strike portions of the attachments to the defendant's motion, as well as an affirmation in opposition to the defendant's motion and a memorandum of law. The defendant filed an affirmation in reply. Upon consideration of the aforementioned submissions, along with a review of the grand jury minutes and exhibits, as well as the indictment and attached notices, the motion is disposed of as follows:

I.     Motion to Inspect, Dismiss, and Reduce

The People have provided the grand jury minutes to the court and the court has reviewed those minutes *in camera*. After doing so, the court finds that there is no basis to dismiss or reduce any charges of the indictment. Accordingly, the defendant's motion to do so is denied in all respects.

The court finds that the evidence offered to the grand jury was legally sufficient in accordance with section 70.10 of the Criminal Procedure Law ("CPL"). "Legally sufficient

evidence means competent evidence, which, if accepted as true, would establish every element of an offense charged and the defendant's commission thereof," (CPL 70.10[1]). Moreover, "[c]ourts assessing the sufficiency of the evidence before a grand jury must evaluate 'whether the evidence, viewed most favorably to the People, if unexplained and uncontradicted-and deferring all questions as to the weight or quality of the evidence-would warrant conviction,' " (People v. Mills, 1 N.Y.3d 269 [2003], quoting People v. Carroll, 93 N.Y.2d 564 [1999]; see also People v. Wisey, 133 A.D.3d 799 [2015]). The court finds that the evidence presented to the grand jury, in its entirety, met this burden.

Additionally, the court finds that the grand jury was properly instructed as the law (see People v. Calbud, 49 N.Y.2d 398 [1980]) and that a quorum was present. Moreover, a review of the grand jury minutes indicates that nothing during the proceedings rises to the level of an "impairment of integrity" of those proceedings (see People v. Darby, 75 N.Y.2d 449, 455 [1990]). As to the defendant's claim that the People failed to call certain witnesses to testify and present certain exculpatory evidence to the grand jury, the court notes that the People are under no obligation to do so (see People v. Mitchell, 82 N.Y.2d 509 [1993]). Moreover, without compromising the secrecy accorded to the grand jury proceeding, the court notes that the prosecutor, in fact, called to testify a variety of witnesses, including those that, based upon the circumstances, could be viewed as defense witnesses.

Finally, the court finds that the release of the grand jury minutes or any portion thereof to the defendant is unnecessary since the defendant has not set forth any compelling or particularized need for the production of the grand jury minutes. Therefore, the defendant's application for the release of said minutes is denied (see CPL 190.25[4][a]).

[* 2]

## II. Motion to Suppress Statements

The defendant moves to suppress his noticed statements on the grounds that they were obtained in violation of his rights as protected by the fourth and fifth amendments. Specifically, he argues that the statements were made after he was arrested without probable cause and were made involuntarily and the product of coercion. In response, the People claim that the statements were made voluntarily, and consent to a hearing on the issue.

The defendant's motion is granted to the extent that a hearing will be held to determine whether the police possessed the requisite probable cause to seize the defendant (see, Dunaway v. New York, 442 U.S. 200 [1979]) and a Huntley hearing shall be held to determine whether the statements allegedly made by the defendant, which have been noticed by the People pursuant to CPL 710.30(1)(a), were made involuntarily within the meaning of CPL 60.45 (see, CPL 710.20[3];CPL 710.60[3][b]; People v. Weaver, 49 N.Y.2d 1012 [1980]).

## III. Motion to Suppress Identification

The defendant moves to suppress any testimony regarding an in-court observation of the defendant on the grounds that the identification procedure noticed to the defendant pursuant to CPL 710.30(1)(b) was unduly suggestive. In response, the People consent to a hearing and submit that neither the photographic array shown to the witness, nor the procedure in which it was used, were unduly suggestive, and that in any event, the witness had an independent basis for identifying the defendant based upon his opportunity to observe the defendant before and during the crime.

The defendant's motion is granted to the extent that a hearing is ordered prior to trial to determine whether or not the noticed identification procedure was conducted in an unduly suggestive manner so as to render any in-court identification tainted (see, United States v. Wade,

[* 3]

388 U.S.218 [1926]). Should the hearing court determine that the identification procedure was so suggestive, then the court shall hold a hearing to determine whether or not there was an independent source for the witness' in-court identification (see, People v. Perkins, 28 N.Y.3d 432 [2016]).

IV.     Motion to Suppress Physical Evidence

The defendant moves to suppress any property recovered from his person at the time of his arrest, specifically his clothing, and any resulting "fruits of the poisonous tree," alleging that the police did not have sufficient probable cause to arrest him and seize his property.

The defendant's motion is granted to the extent that a hearing will be held to determine whether the police seized the defendant in violation of his Fourth Amendment rights (see Point II, supra) and whether the search and seizure of the defendant's property at the time of his arrest was lawful (see Mapp v. Ohio, 367 U.S. 643 [1961]).

As to the defendant's motion to suppress the defendant's "arrest" and dismiss the indictment "for want of probable cause," his requested relief is denied.

V.      Motion for Discovery and Inspection and to Strike the People's Certificate of
        Compliance

Defendant's motion for discovery is granted to the extent provided for in Criminal Procedure Law Article 245 and/or already provided by the People. If any items set forth in CPL Article 245 have not already been provided to the defendant pursuant to that Article, said items are to be provided forthwith.

As to the Defendant's complaint that he has not been provided with the Grand Jury testimony or the curriculum vitae or list of publications for Dr. Benjamin Bristol, the People note

in their response that they have, since the defendant's motion was filed, provided those documents via the discovery portal. Hence, the issue is moot.

With regard to the defendant's allegation that he has not received all reports relating to laboratory testing, the People claim to have turned over everything so far in existence. Notably, the People are instructed to turn over any additional reports, tests, or notes as they become available in according with CPL 245.20(1)(j).

Similarly, the defendant assumes, without explanation, that the People are in violation of CPL 245.20(1)(l). The court has no reason to believe such is true, but nevertheless reminds the People to comply with the statute and turn over any information regarding any promises, rewards, or inducements made to any witnesses in exchange for their testimony.

Finally, with respect to the defendant's contention that the People's disclosure of CPL 245.20(1)(k) discovery for law enforcement witnesses is incomplete, the People represent that they have complied with all they are required to comply with per CPL 245.20(1)(k). Specifically, the People state that they have presented certain questions to each of the police officers involved in this case and when one of the officers answered in the affirmative, they turned over the relevant information. The defendant does nothing more than speculate that the People have violated CPL 245.20(1)(k) because he does not have "1k" information for each of the relevant officers, nor does he have the actual questionnaires. The claim that there must be 1k information for each and every officer involved in this prosecution is wholly unsupported by any good faith allegation by the defendant. Additionally, the court notes that there is nothing in the statute that requires the People to turn over the questionnaires to the defendant, despite his protestations. Finally, the People acknowledge that although PO Joseph Gorman originally declined to answer one of the questions in the questionnaire, he later answered "no" when asked

[* 5]

if he was aware of any complaints pending against him. Now that that question has been answered, the People have fulfilled their obligation (see Matter of Certain Police Officers, 67 Misc3d 458 [Westchester County Court, Blackwood, J. February 21, 2020]). Finally, if the defendant feels as though there is something that the People have not disclosed with respect to their police witnesses, with the repeal of New York Civil Rights Law section 50-a, the defendant has as much ability to get those records from the police as the People do. Should the defendant obtain such records and a review of them reveals a discrepancy between what was disclosed by the People and what actually exists, the court will impose the appropriate sanctions. To the extent the defendant requests that the court preclude any police witness from testifying at trial due to an alleged failure on the part of the People to comply with CPL 245.20(1)(k), such relief is denied.

As to the defendant's demand for exculpatory material, the People have acknowledged their continuing duty to disclose exculpatory material at the earliest possible date upon its discovery (see Brady v Maryland, 373 US 83 [1963]; Giglio v United States, 405 US 150 [1972]). In the event that the People are, or become, aware of any material which is arguably exculpatory and they are not willing to consent to its disclosure to the defendant, they are directed to immediately disclose such material to the court to permit an *in camera* inspection and determination as to whether the material must be disclosed to the defendant.

Finally, the Court finds that the People are in compliance with their discovery obligations and that the Certificate of Compliance that has already been filed is valid. The defendant has made no showing that it should be stricken.

VI.     Motion for a Sandoval and Ventimiglia Hearing

The defendant moves to preclude the People from cross-examining him regarding any

of his prior convictions and/or bad acts should he choose to testify. In the alternative, the defendant requests a hearing on the issue.

The defendant's motion is granted to the extent the People are ordered to disclose to the defendant all specific instances of his prior convictions, uncharged crimes and bad acts they expect to introduce at trial for impeachment purposes, or as direct proof, in accordance with CPL 245.20(3), if they have not already done so. At a hearing immediately before jury selection, the defendant must sustain his burden of showing the prior convictions and bad acts which will unduly prejudice him as a witness on his own behalf (People v. Matthews, 68 N.Y.2d 118 [1986]).

Additionally, in the event that the People seek to use any such conduct in their direct case against the defendant, they are ordered to request a hearing to determine the admissibility of such evidence pursuant to People v. Ventimiglia, 52 N.Y.2d 350 (1981).

VII.    Motion to Controvert Search Warrant and to Suppress Physical Evidence

The defendant moves to controvert the search warrant issued in this case, contending that it was unsupported by probable cause and, specifically, fails to link the tan Apple iPhone to the defendant. Hence, he argues, all of the property seized as a result of the warrant should be suppressed.

The court has been provided with the warrant to search Apartment 1 of 149 South Street, Peekskill, New York, a Gray Acura ILX, and a tan Apple iPhone, and its supporting affidavit and has reviewed them both *in camera*. After such review, the court finds that as to the search of the apartment and the vehicle, the order was issued in accordance with section 690 of the Criminal Procedure Law and is supported by probable cause. Furthermore, the court finds that both prongs of the Aguilar-Spinelli test were satisfied by the information contained in the supporting

[* 7]

affidavit (see Aguilar v. Texas, 378 U.S.108 [1964]; Spinelli v. United States, 393 U.S. 410 [1969]; see also People v. Divine, 147 A.D.3d 1082 [2017]). Therefore, the motion to suppress any evidence recovered from the apartment or the vehicle as a result of the warrant is denied.

As for the search warrant as it pertains to the search of the phone, the court agrees with the defendant that the warrant lacks any information connecting the phone to the defendant or regarding how and when the phone was recovered. The People concede that the detective that drafted the warrant and affidavit was under the mistaken belief that the phone was recovered from the defendant's person, when actually, the phone was recovered from a vehicle driven by and owned by someone other than the defendant, who consented to the search of the vehicle. The court has no reason to believe, and has been provided with no evidence to support the defendant's allegation that the detective that drafted the warrant intentionally lied regarding the recovery of the phone.

In any event, the Court orders, and the People consent to, a hearing to determine the specific circumstances surrounding the recovery of the phone and whether it was pursuant to a lawfully obtained consent to search. Moreover, the hearing will determine whether or not the defendant abandoned the phone and thereby, has no standing to now contest its seizure and search (see People v. Ramirez-Portoreal, 88 N.Y.2d 99 [1996]).

VIII.    Motion for Additional Bill of Particulars

The defendant's motion for an additional Bill of Particulars pursuant to CPL 200.95[2] is denied as unnecessary given the information provided in the existing bill of particulars, as well as the amount of discovery that has been provided to the defendant.

[* 8]

IX.     Motion to Reserve the Right to Make Additional Motions

The motion is denied. Should the defendant bring further motions for omnibus relief, he must do so by way of an order to show cause setting forth the reasons why his motion was not and could not be brought in accordance with CPL §255.20.

X.     People's Cross Motion to Strike Attachments to Defendant's Motion

The People have filed a cross motion seeking for the court to strike attachments to the defendant's motion. Specifically, the People point out that the exhibits attached to the defendant's motion that pertain to information disclosed in accordance with CPL 245.20(1)(k), as well as grand jury testimony, were filed under seal by the People. Accordingly, the cross-motion is granted and the aforementioned attachments will be stricken and not included in the court file accessible to the public.

The foregoing constitutes the opinion, decision, and order of this court.

Dated: White Plains, New York
       May 27, 2021

_____
HON. HELEN M. BLACKWOOD
Westchester County Court

TO:     MIRIAM ROCAH
        District Attorney
        Westchester County District Attorney's Office
        111 Dr. Martin Luther King, Jr. Blvd.
        White Plains, New York
        Attn: ADA Craig Ascher

        JOHN A. RAIMONDO, ESQ.
        Attorney for the Defendant
        5 Old Road
        Elmsford, New York 10523

[* 9]