People v Pena (2024 NY Slip Op 00330)

People v Pena

2024 NY Slip Op 00330

Decided on January 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
BARRY E. WARHIT, JJ.

2019-00986
 (Ind. No. 1959/17)

[*1]The People of the State of New York, respondent,
v
Jonathan Pena, appellant.

Patricia Pazner, New York, NY (Joshua M. Levine of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Ellen C. Abbot, and Christine Thambuswamy of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Evelyn L. Braun, J.), rendered January 7, 2019, convicting him of criminal possession of a weapon in the third degree, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.
ORDERED the judgment is affirmed.
On his appeal from the judgment of conviction, the defendant challenges the Supreme Court's denial, after a hearing, of that branch of his omnibus motion which was to suppress physical evidence.
The Supreme Court correctly concluded that the police officers' stop of the vehicle in which the defendant was a passenger was constitutional (see People v Argyris, 99 AD3d 808, 810, affd 24 NY3d 1138). The reliable tip of the anonymous 911 caller, who had a sufficient basis of knowledge for the information provided to the police, in conjunction with the police officers' confirmatory observations, amounted to reasonable suspicion (see People v Rahman, 85 AD3d 1062; People v Whittle, 48 AD3d 714).
The defendant's challenge to the police search of the vehicle is without merit. His remaining contention is unpreserved for appellate review and, in any event, without merit.
DILLON, J.P., CHRISTOPHER, GENOVESI and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court